MARIE KLEIN v. WALTER T. WERNER, as an Executor named in the last will and testament of C. W. KLEIN, deceased, and of ELIZABETH K. JOBSON.

183 So. 159.
Opinion Filed July 28, 1938.
Rehearing Withdrawn August 19, 1938.

684

T. M. Shackleford, Jr., S. S. Sandford and J. Tom Watson, for Appellant;

W. F. Himes, Ralph C. Binford and W. H. Frecker, for Appellees.

TERRELL, J.—C. W. Klein of Tampa, Florida, executed his will November 9, 1933, and died on about July 11, 1936. He named Walter T. Werner and the Exchange National Bank of Tampa as executors of his estate but the Exchange National Bank renounced its right to and declined to qualify as such executor. His widow, Marie Klein, filed her caveat objecting to the probate of the will and on September 11, 1936, Walter T. Werner, the other executor, filed his petition for probate of the will as required by Chapter 16103, Acts of 1933, better known as the Probate Act.

Marie Klein in due course filed her answer and contest to the probate. A motion to strike designated portions of the answer was filed but was not ruled on. The case came on for trial and after taking testimony, on final hearing, November 10, 1936, the probate court entered his order denying the probate of the will on the ground that at the time it was executed, the testator was mentally incompetent

to make a will. On December 2, 1936, Werner, as executor, appealed to the Circuit Court. On January 22, 1937, four days before the statutory period of sixty days for hearing expired, Appellee Marie Klein, moved to dismiss the appeal. On January 28, 1937, Appellant moved for an extension of time to perfect the appeal and to hear it at a time beyond the sixty-day period. Objection was filed by Appellees to such extension but no ruling appears to have been made on the motion to dismiss the motion for extension of time to perfect appeal or the objection thereto.

On January 30, 1937, notice of hearing the appeal from the probate court to the Circuit Court was filed in the probate court. Said notice fixed the hearing for February 12, 1937, seventy-two days from the date of the appeal instead of sixty as required by the Probate Act and no order appears to have been entered extending the time for hearing beyond sixty days. The case was argued before the Circuit Court as per date fixed, pursuant to said notice and on March 22, 1937, an order was entered reversing the judgment of the Probate Court and remanding the cause for a new trial. This appeal is from the latter order.

It is first contended that the appeal from the Probate Court to the Circuit Court was not perfected and notice thereof given as required by Section 53 of the Probate Act, and being so, the Circuit Court did not acquire jurisdiction of the cause and should have granted Appellant's motion to dismiss.

The answer to this question involves an interpretation of Paragraphs 1 and 2 of Section 53 of the Probate Act which are as follows:

"All appeals to the Circuit Court shall be taken within thirty days from the date of the entry, of the order, judgment or decree appealed. Said appeals shall be perfected by appellant filing in the office of the County Judge a simple

notice of appeal in which shall be included assignments of error in brief form. The notice of appeal, before filing or within such reasonable time thereafter as the County Judge under the circumstances and in his discretion may allow, shall be served upon all parties who have appeared to the particular proceedings, or upon their attorneys of record, and affidavit of service or written acknowledgment thereof shall be considered a part of the notice. The notice of appeal (exclusive of affidavit or acknowledgment of service) shall be recorded by the County Judge and no order or further notice of such appeal shall be necessary to give the Circuit Court jurisdiction of appellees and of the res.

"It shall be the duty of the Circuit Judge, upon application, to give to appellant, a date for hearing within sixty days from the date of such appeal unless such Circuit Judge shall, because of the condition of his docket or other cause satisfactory to him, enlarge such time by order filed and recorded in the office of the Clerk of the Circuit Court.

"Whereupon appellant shall give the parties or their attorneys of record at least ten days' written notice of the hearing. The hearing may be held at such place and at such time within the circuit as the Circuit Judge may indicate. The filing of briefs shall be optional with attorneys, unless required by the Circuit Judge. The notice of hearing with proof or acceptance of service, shall be filed with the County Judge whose duty it shall be to deliver the complete original probate file to the Clerk of the Circuit Court, or such portions thereof as may be designated by the parties in writing, taking a receipt for same."

We construe paragraph one as quoted to require that all appeals to the Circuit Court in probate matters shall be taken within thirty days from the date of the entry of the order or decree appealed from. A notice of appeal with assignments of error filed in the office of the probate judge

is sufficient to perfect such appeals. Before filing or within such time thereafter as may be allowed by the probate judge, the notice of appeal shall be served on all parties or their attorneys who have appeared in the cause, affidavit of such service being a part of the notice. Notice of appeal filed in the office of the probate judge with proof of service gives the circuit court jurisdiction of the parties and the res.

We construe paragraph two to require appellant to apply to the circuit judge for a hearing on the appeal promptly. When such application is made, the judge is required to set a date for hearing within sixty days from date of the appeal unless by reason of the condition of his docket or other good cause, the time should be enlarged, which he must do by order filed and recorded in the office of the clerk of the circuit court. When the judge fixes the date for the hearing, Appellant is required to give appellees or their counsel ten days written notice thereof. It would be good practice when applying for the date for the hearing on the appeal before the Circuit Judge to serve notice on opposing counsel but the statute does not seem to so require.

The hearing on the appeal may be held at such place and time within the circuit as the judge may indicate and he may require briefs of counsel if he desires. When the notice of hearing with proof of acceptance of service by opposing counsel is filed in the office of the county judge, he shall deliver the complete original probate file to the clerk of the circuit court or such portions of it as may be designated by the parties to the cause who shall give their receipts for it. This is the only record that is required in appeals to the Circuit Court.

The purpose of these requirements is to expedite probate proceedings with reasonable promptness. If the appellant does not apply to the circuit judge for a hearing on the appeal so it can be set within the sixty days allowed, or such

enlargement thereof as the judge may see fit to decree and give opposing counsel the requried notice thereof, his right to appeal may be lost. This view is supported by paragraph (b) of Section 54 of the Probate Act, wherein it is made ground for motion to dismiss if the sixty-day period for hearing the appeal is not observed.

No question is raised as to compliance with paragraph one. Failure to comply with the requirements of paragraph two is charged. It is shown that the appeal was taken December 2, 1936, and no further move was taken by appellant until January 28, 1937, when he moved for an extension of time for hearing and an order fixing date for hearing of the appeal. Appellee had on the previous day filed a motion to dismiss the appeal, but neither of these motions was ever ruled on by the Court. On January 29, objection by appellee was filed to the motion for extension of time.

On January 30, 1937, notice was given appellee to the effect that the Circuit Judge had set the appeal for hearing on February 12, 1937, but said notice was treated as one setting it before the Circuit Judge on that date and there is no showing whatever that application had ever been made to the Circuit Judge for an order setting the appeal down for hearing within the sixty days or extending the time beyond that period. February 12 was seventy-two days instead of sixty beyond the date the appeal was taken and there was no authority in the judge to make such an order unless application was made to him for it within the sixty days and such order recorded as required by the Probate Act. The appeal was in fact argued February 12, and the Circuit Judge rendered his opinion March 22, 1937, reversing the judgment of the Probate Court.

It is argued that there was an agreement of counsel extending the time for making the application and giving the notice. The statute fixes an arbitrary date within which

the application must be made and the notice given and there is no power in Judge or counsel to extend this time beyond the sixty days if his docket is in such condition that he cannot reach it, but in this event, the application must be made within the sixty days and his order of extension recorded.

The essential requirements of the law in the matter of applying for and giving notice of hearing on the appeal not having been complied with the order of the Circuit Judge thereon was without authority and is hereby reversed.

Reversed.

ELLIS, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—The Circuit Court acquired complete jurisdiction of the parties and of the *res* by the carrying out of the procedure set forth in the first paragraph of Section 53 of the Probate Act. I think the requirements of the second paragraph of that section are not jurisdictional in their nature, and are directory only. Thus strict compliance therewith may be waived by the parties in so far as the service of the ten days written notice of hearing is concerned, nor should the neglect of the Circuit Judge to set a date for hearing within sixty days, through no fault of appellant, deprive appellant of his right of appeal which is guaranteed by Art. V, Sec. 2, of the Constitution. It appears that there was a waiver of written notice by counsel in this case (see pp. 180-183 of transcript) on account of the illness of counsel who took the appeal to the Circuit Court. Motion for extension of time for hearing filed within the sixty-day period, and, as I take it, was impliedly granted by the subsequent action of the Circuit Judge. It seems to me that under the facts of this case the Circuit

Court had power to overlook the irregularities and go ahead and dispose of the appeal.