FRIEND A. MITCHELL v. GERTRUDE MITCHELL, JACKIE MITCHELL, a Minor, *et al.*

190 So. 758

Division A

Opinion Filed August 1, 1939

*Fisher & Sauls* and *Thompson & Aikin,* for Relator;

*Carey & Harrison* and *Ed W. Harris,* for Respondents.

BUFORD, J.—This case is before us on motion to quash return to rule *nisi* in prohibition.

The rule *nisi* alleges that it has been made to appear:

"(1)   On the 27th day of January, 1939, Lincoln C. Bogue was named and appointed by Honorable Jack F. White, judge of the court of the County Judge for Pinellas County, Florida, as administrator with will annexed of the Estate of FRANCES SUSAN WILSON, deceased.

"(2)   On the 23rd day of November, 1938, Lincoln C. Bogue, as such ancillary administrator with will annexed of the Estate of Frances Susan Wilson, deceased, petitioned the Court of the County Judge for Pinellas County, Florida, for authority to sell certain real property in the petition described.

"(3)   Thereafter notice was given by Lincoln C. Bogue as such administrator to Gertrude Mitchell, this plaintiff, Jackie Mitchell, a minor, Arthur Mitchell, a minor, and Jack Mason Smith, as guardian for Jackie Mitchell and Arthur Mitchell.

"(4)   Thereafter on December 15, 1938, the defendant Gertrude Mitchell filed her objections to the sale of said real estate in the office of the Court of the County Judge of Pinellas County, Florida.

"(5)   The petition to sell such real estate was heard first by Honorable Jack F. White, Judge of the Court of the County Judge for Pinellas County, Florida, on the 25th day of November, 1938, and was thereafter continued to the 14th day of December, 1938, when his order was entered authorizing the sale of such real estate.

"(6)   On the 4th day of January, 1939, Gertrude Mitchell filed her notice of appeal to the Circuit Court of Pinellas County, Florida, and assignment of error, which appeal was taken from the order described in the preceding paragraph.   Such notice of appeal and assignment of error were thereafter filed and deposited in the office of the

Clerk of the Circuit Court of Pinellas County, Florida, on January 6, 1939.

"(7) On the 9th day of January, 1939, Gertrude Mitchell by her attorney filed in the Circuit Court of the Sixth Judicial Circuit for Pinellas County, Florida, a petition to fix a date for the hearings of such appeal.

"(8) On the 6th day of January, 1939, the Honorable T. Frank Hobson, one of the judges of the Circuit Court of the Sixth Judicial Circuit for Pinellas County, Florida, entered his order directing that such appeal be heard before the Circuit Court of Pinellas County, Florida, in the court room in the First Federal Building in the City of St. Petersburg, Florida, beginning at 9:30 A. M. on the 15th day of February,'1939. On the 27th day of January, 1939, Gertrude Mitchell, the appellant in said circuit court, gave notice to all parties of the hearing of such appeal on said· 15th day of February, 1939.

"(9) Honorable T. Frank Hobson, one of the judges of the Circuit Court of the Sixth Judicial Circuit for Pinellas County, Florida, became ill on the morning of February 15th, 1939, prior to the calling of said appeal for hearing and because of such illness, the said appeal was not heard on the 15th day of February, 1939, and has not been heard or disposed of by any judge of the Circuit Court of the Sixth Judicial Circuit for Pinellas County at the time of the filing of this suggestion, and that no petition has been filed on behalf of Gertrude Mitchell, the said appellant, or anyone .else requesting a hearing of said appeal or for the entry of an order extending the time for the hearing of such appeal. No order has been entered and enrolled by the circuit court fixing a different date for the hearing of such appeal or extending the time within which such·appeal may be heard, although more than ........ days have elapsed

since the taking of such appeal from the Court of the County Judge of Pinellas County, Florida.

"(10) On March 20, 1939, Friend A. Mitchell, the plaintiff, in this proceeding, filed in the appellate proceeding pending in the Circuit Court for Pinellas County, Florida, a motion to dismiss the appeal there pending because of lack of jurisdiction and in and by such motion to dismiss the said appeal, advised the Honorable T. Frank Hobson, one of the judges of the Circuit Court of Pinellas County, Florida, that more than 60 days had passed since the taking of such appeal without the same having been heard or the period of time within which said appeal may be heard, having been extended by an order of court duly recorded.

"(11) On May 4th, 1939, pursuant to notice, said motion to dismiss the appeal was called for hearing before the Honorable T. Frank Hobson, one of the circuit judges of the Circuit Court of Pinellas County, Florida, at which time the same was argued fully and the said circuit judge at the conclusion of such argument did announce that he would sign and enter his order overruling the motion to dismiss the appeal, and further announced that upon entry of the order, he would thereafter proceed to hear and determine such appeal upon its merits. The aforesaid circuit judge, Honorable T. Frank Hobson, does now seek to exercise jurisdiction over the subject matter of the said appeal wrongfully and in excess of his jurisdiction.

"(12) Plaintiff further represents that following the illness of Honorable T. Frank Hobson, said circuit judge, that the time for the hearing of the appeal without extension did not elapse until March 5, 1939. During the period of time from the 15th day of February until after March 5, 1939, the Honorable John U. Bird, one of the judges of the Circuit Court of the Sixth Judicial Circuit for Pinellas

County, Florida, was continuously within the Circuit and available for the entry of any necessary decrees or orders; Honorable Fred P. Cone, Governor of Florida, entered his executive order thereafter assigning Honorable H. L. Sebring, one of the circuit judges of Florida, to sit in the Sixth Judicial Circuit, between the dates of February 22nd through February 27th, 1939, and he, the Honorable H. L. Sebring, was present in Pinellas County, Florida, and available for the entry of any necessary order in said appeal during that period of time; and the Honorable Fred P. Cone, Governor of Florida, did thereafter enter his executive order directing Honorable Alto Adams, one of the circuit judges of Florida, to sit in the Sixth Judicial Circuit, between the dates of February 28th through March 11th, inclusive, and during such period of time, said circuit judge, was continuously within Pinellas County and available for the entry of any order of court which should have been entered in said appeal."

The return, *inter alia,* is:

"The allegations as set out in said rule *nisi* and designated by paragraphs Nos. (1), (2), (3), (4), (5), (6), (7), (8), (9), and (10), are admitted.

"The allegations of the 11th numbered paragraph of the rule *nisi* are admitted to be true as therein alleged except those statements set out in the concluding sentence of said 11th numbered paragraph. Said excepted sentence being as follows:

" 'The aforesaid circuit judge, Honorable T. Frank Hobson, does now seek to exercise jurisdiction over the subject matter of the said appeal wrongfully and in excess of his jurisdiction.'

"The allegations of this sentence are denied.

"Replying to the allegations contained in the 12th num-

bered paragraph of said rule *nisi,* this respondent states that he believes these statements are substantially as alleged, although he does not know the exact dates when the Honorable H. L. Sebring, and the Honorable Alto Adams were serving in this Circuit.

"Further replying to these allegations of the 12th numbered paragraph, this respondent states that he is not insisting upon proof as to the dates of service as alleged, and unless the Supreme Court desires exact proof relative to these allegations, such proof is waived by this respondent.

"As a further response to said rule *nisi,* this respondent respectfully states that it is his understanding and interpretation of the language and intent of the Probate Act of 1933 that when an appeal is taken from an order of the court of the county judge within thirty days from the date of that order and the notice of appeal is duly served upon the proper parties and this appeal and the evidence of the services of notice are duly filed in the office of the court of the county judge, that the appeal has been perfected.

"Respondent further understands the provisions of this Act to mean that when application is made upon the circuit judge to set a date for hearing this appeal and when this application and the ten days' written notice of the hearing, and the date of the hearing are all made within 60 days from the entry of the appeal, that the circuit court has acquired jurisdiction over the entire matter in dispute, and if for any reason the case cannot be heard on the date thus fixed, it can be heard at any time when it is called up for consideration, just as any other matter in litigation will be heard and disposed of by the circuit court, once it has secured jurisdiction.

"Under the circumstances set out in the suggestion for writ of prohibition in this cause, and under the recitation

set out in the rule *nisi* issued thereon, this respondent was and is of the opinion that he had jurisdiction to hear and decide the matter in controversy on the date, May 4, 1939, or at any other time when it might have been properly set down and called up for a hearing and decision."

Section 11, Article V of the Constitution provides that circuit courts "shall have final appellate jurisdiction in all civil and criminal cases arising in the county court or before the county judge, of all misdemeanors tried in criminal courts, of judgments or sentences of any mayor's court, and of all cases arising before justices of the peace in counties in which there is no county court; and supervision and appellate jurisdiction of matters arising before county judges pertaining to their probate jurisdiction, or to the estates and interests of minors, and of such other matters as the Legislature may provide."

Section 53 of the 1933 Probate Act is as follows:

"Section 53. APPEALS TO THE CIRCUIT COURT. All appeals to the circuit court shall be taken within thirty days from the date of the entry of the order, judgment or decree appealed. Said appeals shall be perfected by appellant filing in the office of the county judge a simple notice of appeal in which shall be included assignments of error in brief form. The notice of appeal, before filing or within such reasonable time thereafter as the county judge under the circumstances and in his discretion may allow, shall be served upon all parties who have appeared to the particular proceedings or upon their attorneys of record, and affidavit of service or written acknowledgment thereof shall be considered a part of the notice. The notice of appeal (exclusive of affidavit or acknowledgment of service) shall be recorded by the county judge and no order or further notice

of such appeal shall be necessary to give the circuit court jurisdiction of appellees and of the *res*.

"It shall be the duty of the circuit judge, upon application, to give to the appellant a date for hearing within sixty days from the date of such appeal unless such circuit judge shall, because of the condition of his docket or other cause satisfactory to him, enlarge such time by order filed and recorded in the office of the clerk of the circuit court. Whereupon appellant shall give the parties or their attorneys at least ten days written notice of the hearing. The hearing may be held at such place and at such time within the circuit as the circuit judge may indicate. The filing of briefs shall be optional with attorneys, unless required by the circuit judge. The notice of hearing, with proof or acceptance of service, shall be filed with the county judge whose duty it shall be to deliver the complete original probate file to the clerk of the circuit court, or such portions thereof as may be designated by the parties in writing, taking a receipt for same.

"The ruling of the circuit judge upon the appeal shall be filed by him in the office of the clerk of the circuit court and shall be recorded. Upon the expiration of the time for taking an appeal to the supreme court, the clerk of the circuit court shall, if no such appeal be taken, return the original file to the county judge, together with the mandate of the circuit court in accordance with the ruling of the circuit judge. Such mandate shall be recorded by the county judge."

Mr. Redfearn in his work on Wills and Administration of Estates, pages 510, Sec. 329, says:

"Under the Probate Act of 1933, all appeals to the circuit court must be taken within thirty days from the date of the entry of the order, judgment, or decree appealed. An ap-

peal is perfected by the appellant's filing in the office of the county judge a simple notice of appeal in which shall be included assignments of error in brief form. The notice of appeal must be served upon all parties who have appeared in the particular proceedings from which the appeal is taken, or upon their attorneys of record before the notice of appeal is filed or within such reasonable time thereafter as the county judge in his discretion may allow. Affidavit of service or written acknowledgment thereof is considered a part of the notice of appeal. The county judge must record the notice of appeal, but it is not necessary to record the affidavit or acknowledgment of service. No order of the county judge or of the appellate court and no further notice of such appeal are necessary to give the circuit court jurisdiction of the appellees and of the *res*.

"After the appeal has been filed, it is the duty of the appellant to apply to the circuit judge of the circuit court to which the appeal is taken, for a date for the hearing, and it is the duty of the circuit judge to give to the appellant a date for hearing within sixty days from the date of the appeal. However, the circuit judge, on account of the condition of his docket or other cause satisfactory to him may extend such time for the hearing by an order filed and rendered in the office of the clerk of the circuit court. After the date has been set for the hearing, the appellant shall give all parties or their attorneys of record, at least ten days' written notice of the hearing. The hearing may be held at such time and at such place within the circuit as the circuit judge may designate. Unless the circuit judge requires briefs to be filed, the filing of the same is optional with the attorneys for the interested parties.

"The notice of hearing, with proof of acceptance of service, must be filed with the county judge, whose duty

it is to deliver the complete original probate file to the clerk of the circuit court of the county in which the administration is pending, or such portions thereof as may be designated by the parties in writing. It is the duty of the county judge to take a receipt for such probate file, or such portions thereof as he may deliver to the clerk of the circuit court.

"The order of the circuit judge upon the appeal must be filed by him in the office of the clerk of the circuit court, and such order must be recorded. Upon the expiration of the time for taking an appeal to the supreme court, if no such appeal is taken, the clerk of the circuit court must return the original file to the county judge, or such portions thereof as were delivered to him, together with the mandate of the circuit court in accordance with the ruling of the circuit judge and such mandate must be recorded by the county judge."

The record shows that all things were done and performed that were required to be done and performed to give the circuit court appellate jurisdiction of the cause.. It is the contention of the relator that when the circuit court failed to hear and determine the cause within 60 days after the appeal was lodged in the circuit court and without an order extending the time within which the cause should be heard and determined, the circuit court lost jurisdiction. We do not agree with this contention.

When the appeal had been perfected in the manner required by statute, the circuit court acquired full and complete jurisdiction to hear and determine the issues presented.

The court did not lose jurisdiction by reason of the judge, on account of illness, failing to hear the cause on the date originally set, nor did it lose jurisdiction to extend the time

and fix a future date for hearing. As we read the provisions, *supra,* of the 1933 Probate Act, we do not construe them as ousting the jurisdiction of the court in the event the appeal is not heard by the court within 60 days. We construe that as a directory provision only.

If we construed the provisions otherwise and thereby held that the legislative Act ousted the circuit court of appellate jurisdiction under the circumstances shown by this record, we would be compelled to hold the provisions invalid because of violating Section 11, Article V of the Constitution, *supra.*

The reasoning which was applied in the case of Brinson v. Tharin, 99 Fla. 696, 127 Sou. 313; American Ry. Express Co. v. Wetherford, 86 Fla. 629, 98 Sou. 820; A. C. L. Ry. Co. v. Fla. Fruit Co., 93 Fla. 161, 113 Sou. 66; American Express Co. v. Wetherford, 84 Fla. 264, 93 Sou. 740, is applicable to the case at bar.

The Legislature may neither enlarge nor contract by statute the exercise of appellate jurisdiction fixed by the Constitution when that jurisdiction has been acquired in conformity with the Constitution and statutes.

For the reasons stated, the return of the respondent is held sufficient and the rule *nisi* is quashed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.