IN RE: ESTATE OF NICHOLAS P. ALKIRE, deceased, ELLEN ALKIRE CALLISON, MAY ALKIRE SOUTHERN and EDWIN ALKIRE v. MATTIE J. SMITH, *et vir;* FIRST ATLANTIC NATIONAL BANK OF DAYTONA BEACH, as Executor of the Last Will and Testament of Nicholas P. Alkire, deceased, and EMMA TRAMMELL, a widow.

198 So. 475

En Banc

Opinion Filed May 10, 1940

Opinion Filed on Petition for Rehearing June 28, 1940

Supplemental Opinion En Banc Filed October 25, 1940

Rehearing Denied November 26, 1940

608)

*Millard B. Conklin* and *Keen & Allen,* for Appellants;

*John R. Parkinson,* Attorney for Mattie J. Smith and DeCosta Smith, her husband; *W. M. Cobb,* Attorney for First National Bank of Daytona Beach, and *P. W. Harvey* for Emma Trammell, Appellees.

CHAPMAN, J.—The record in this case discloses that on September 8, 1936, there was filed in the County Judge's office of Volusia County, Florida, the last will and testament of Nicholas P. Alkire, with a petition for probate

and for letters testamentary. An order was entered in the county judge's court admitting the said will to probate upon the affidavits of the attesting witnesses, viz.: Muriel O'Neill, Anna L. McKeever and William M. Cobb.

The material portions of the said last will and testament are viz.:

"I, NICHOLAS P. ALKIRE, of Daytona Beach, Volusia County, Florida, being of sound and disposing mind and memory do make this my last will and testament, hereby revoking any and all former wills and codicils by me heretofore made.

"I. I direct the payment of my funeral expenses and all my just debts as promptly as possible after my decease.

"II. I give, devise and bequeath unto MRS. EMMA TRAMMELL of Daytona Beach, Florida, my property described as Lot Ten (10) Block Eleven (11) Rogers Seabreeze, Daytona Beach, Florida, together with all furniture and furnishings therein contained, absolutely and in fee simple, forever, and the sum of FIVE HUNDRED DOLLARS ($500.00) in cash, if she shall be in my employ at the time of my decease.

"III. But, if the said Emma Trammell is not in my employ at the time of my decease, then the foreging devise and bequest to her shall lapse and fall into and become a part of my residuary estate.

"IV. I give, devise and bequeath all of the rest, residue and remainder of my property, estate, and effects, both real and personal whatsoever and wheresoever situate, which I may now own and which I may hereafter acquire and have power to dispose of at the time of my decease, unto my neice, MRS. MATTIE J. SMITH, wife of DeCosta Smith of Weston, State of West Virginia, her heirs and assigns, absolutely and in fee simple, forever.

"This is page one (1) of my last will and testament.

(Signed)   NICHOLAS P. ALKIRE.    (Seal)

"V.   It is my desire that I shall be buried in the family lot in the Odd Fellows' Cemetery at Fairview Methodist Protestant Church at Hacker's Creek, West Virginia; and it is my further desire, and I so request that the said Mattie J. Smith will look after the upkeep of the said cemetery lot in a reasonable and decent manner, and I leave it to her honor so to do.

"VI.   I hereby constitute and appoint THE FIRST ATLANTIC NATIONAL BANK OF DAYTONA BEACH, FLORIDA, as executor of this my last will and testament, and it is my suggestion and I so request, that my executor shall confer with William M. Cobb, Esquire, of Daytona Beach, Florida, my attorney, for assistance in probating this my will, and in closing my estate.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal this eighth day of March, A. D. 1935."

On March 26, 1937, Ellen Alkire Callison, May Alkire Callison and Edwin Alkire filed a petition for the revocation of probation of the alleged will on the grounds: (a) that Nicholas P. Alkire was not of sound mind on March 8, 1935; (b) the said Nicholas P. Alkire did not have the necessary testamentary capacity to make a will; (c) Nicholas P. Alkire did not have the ability to mentally understand the extent and character of his property; (d) that Nicholas P. Alkire did not have the mental capacity to comprehend the nature of his obligations to others, the persons who had legal and natural claims upon him, who should be the subject of his bounty; (e) that Nicholas P. Alkire, on May 8, 1935, was about 76 years of age, had been in his dotage for five years and did not possess testamentary capacity.

The petition sets forth other reasons or grounds for the

revocation of the will and a prayer for a citation to be issued and that the court receive testimony on the issues made. The said petitioners were the blood relations or lineal descendants of the testator. An order of intervention was permitted, and an answer was filed by the defendants claiming under the will, which denied the material allegations of the petition for revocation.

On the issues tendered by the pleadings, the respective parties adduced considerable testimony. The testimony as taken centered largely around the testamentary capacity of the testator and but little, if any, testimony was offered on the issue of undue influence. The will gave to Mrs. Emma Trammell, the housekeeper of the testator, the home and $500.00 in cash, and after the making of the will, the testator invested $10,000.00 in annuities with the New York Life Insurance Company and Metropolitan Life Insurance Company, which he also gave to Mrs. Trammell.

After all the evidence had been received, Honorable J. E. Peacock, County Judge of Volusia County, made and entered an order dated June 30, 1938, revoking the order dated September 8, 1936, which admitted to probate the last will and testament of Nicholas P. Alkire.

From said order as made and entered by the County Judge of Volusia County, Florida, an appeal was taken to the Circuit Court of Volusia County and a number of errors assigned for the reversal thereof. The notice of the entry of appeal is dated July 29, 1938, and it is insisted that the appeal should have been heard within sixty days from July 15, 1938, but the circuit judge, on August 20, 1938, made and entered an order enlarging the time in which the said appeal should be heard to include October 13, 1938. On October 13, 1938, the circuit judge by an order enlarged the time for hearing the appeal to include the 14th day of November, 1938, because an important case was then being heard

or tried and because of the condition of the docket, and the said appeal was set for a hearing at 9:30 A. M., November 14, 1938, and notice of said hearing was given by counsel. The appeal was heard by the Honorable H. B. Frederick, circuit judge, on November 14, 1938, and on June 22, 1939, a decree was made reversing the order entered by the County Judge of Volusia County on June 30, 1938. From the decree entered by the Circuit Court of Volusia County, Florida, dated June 22, 1939, an appeal has been perfected to this Court and a number of errors assigned for a reversal thereof.

It is contended that the appeals of Mattie J. Smith and Emma Trammell taken under Section 53 of Chapter 16103, Acts of 1933, Laws of Florida, from the order of the County Judge of Volusia County, Florida, dated June 30, 1938, to the Circuit Court of Volusia County should have been dismissed for reasons viz:

"1. Because the sixty-day period for hearing the appeal of Emma Trammell expired on September 13th, 1938, and the enlargement thereof by the circuit court, expired October 13, 1938.

"2. Because the sixty-day period for hearing the appeal of Mattie J. Smith and DaCosta Smith, her husband, expired September 27, 1938, and the enlargement thereof by the circuit court, expired October 13, 1938.

"3. Because there was no order entered, filed and recorded in the office of the county judge, nor in the office of the clerk of the circuit court, prior to September 13, 1938, the end of the sixty-day appeal period for Emma Trammell, extending her appeal period beyond and after October 13, 1938.

"4. Because the circuit court was without authority—'On its own motion'—to extend the time for hearing said ap-

peals beyond and after October 13, 1938, and 'to and including November 14, 1938.'

"5. Because the said extended appeal period for hearing said two appeals beyond and after October 13, 1938, and 'to and including said 14th day of November, A. D. 1938'—has expired.

"6. Because the judge of the circuit court has not entered an order extending or enlarging the time for hearing said appeals beyond and after November 14, 1938."

We fail to find merit in this contention. See Mitchell v. Mitchell, 139 Fla. 634, 190 So. 758. The reasons assigned in each of the orders enlarging the time in which the appeals could be heard were the condition of the docket of the court, other important cases then being considered, and the intention of the statute is directory but not mandatory. While considerable time was consumed by the court after hearing the case in November, 1938, and the date of signing the final decree, it is reasonable to assume that the court had other pressing official duties to discharge and the record in the case is voluminous and time necessarily is required to thoroughly understand and master the facts and the law applicable to those facts.

It is next contended that from the decree of the Circuit Court dated June 22, 1939, the deducible inference is that the circuit court failed or omitted to act, in the case at bar, as an appellate court but considered the case on appeal de novo and therefore the decree assigned as error in this Court made and entered by the circuit court is erroneous. It is difficult in a study of the final decree to reach the conclusion as advanced by counsel for appellants. The jurisdiction of the circuit court to hear or consider the case on appeal from the county judge's court is not challenged. If the court had jurisdiction to hear and determine the controversy on appeal, the fact that the final decree is construed

to mean that the circuit court did not sit as an appellate court but considered the appeal *de novo,* appears to say the least, highly speculative. The decree of the circuit court assigned as error in this Court specifically reverses or revokes the order admitting to probate made by the County Judge's Court of Volusia County.

It is next contended that from all the evidence adduced in the county judge's court it is clearly established that the testator was of unsound mind on March 8, 1935, the date of the execution of his last will and testament. We have carefully studied the record, and while it is true that the testator at the time of making the will was advanced in years, his memory was faulty and at the time, according to some of the witnesses, it was growing progressively worse. The bank officials testified as to this fact and were of the opinion that the testator was of unsound mind at the time the will was made and advanced a number of splendid reasons to support their conclusions.

It is true that the testator conveyed three lots without consideration about the same time, a power of attorney was given to a person of uncertain standing, and he was about to turn over to an individual certain securities, and for these reasons, coupled with the daily contacts of some of the witnesses with the testator, it was concluded that the mind of the testator was not sound when the will was made.

On the other hand, it is shown that the testator went to his attorney, Mr. Cobb, in February, 1935, and consulted him about drafting a will. The will was drafted and the testator took the same home and studied it for several days and returned to the attorney's office, when the same, with some few changes, was signed. The deed to the home from the testator to Mrs. Trammell was left with Attorney Cobb with written instructions. Mr. Cobb was of the opinion that the mind of the testator was sound, but his memory was not

good like many people advanced well in years. Mr. Tappy was of the opinion that the testator's mind was sound. The undertaker, having an acquaintance with the testator of about twenty-five years, expressed a similar view. Mr. and Mrs. Carter, of Umatilla, close friends of many years standing, were each of the opinion that the testator's mind was sound. Two carpenters employed from time to time by the testator thought his mind was good but his memory faulty. The physician of the testator testified to having an acquaintance with him for many years and treated him in his last illness, was of the opinion that his mind was sound but had a faulty memory due to old age. The nurse at the hospital caring for the testator was of the opinion that his mind was sound but his memory bad.

It is suggested that his failure to give his property to his blood relatives is some evidence of an unsound mind. This item is fully explained by utterances of the deceased that his relatives had not visited him, were not interested in his welfare, and he did not care for any of them except the niece named in the will. The record shows that the wife of the testator died in 1929, and during that year he visited his old home in West Virginia but none of his relatives while on this visit manifested any interest in his welfare and did not pay him a personal call.

We have carefully studied the entire record and our conclusion is that the circuit judge made and entered such a decree as the evidence justified. We do not think it proper to disturb this decree. We are unable to find evidence in the record to sustain the contention that undue influence was exerted over the testator by Mrs. Emma Trammell.

The decree appealed from is hereby affirmed on authority of Tonnelier v. Tonnelier, 132 Fla. 194, 181 So. 150; Estate Clara R. Starr v. Wilson, 125 Fla. 536, 170 So. 620; Newman v. Smith, 77 Fla. 633, 82 So. 236.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON PETITION FOR REHEARING

An Appeal from the Circuit Court for Volusia County, H. B. Frederick, Judge.

*Millard B. Conklin,* for Appellants;

*John R. Parkinson,* Attorney for Mattie J. Smith and DeCosta Smith, her husband; *W. M. Cobb,* Attorney for First Atlantic National Bank of Daytona Beach; and *P. W. Harvey* for Emma Trammell—Appellees.

CHAPMAN, J.—On petition for rehearing it is contended that this Court overlooked and failed to pass upon and to decide the main contention of appellants here, viz.: the motion for an order of dismissal of the appeals of Mattie J. Smith and husband DaCosta Smith and Emma Trammell by the Circuit Court of Volusia County made and entered from the County Judge's Court of Volusia County to the circuit court in the case at bar. It is also argued that said motion should have been sustained by the circuit court under the provisions of Section 53 of Chapter 16103, Acts of 1933.

The order entered by the Honorable J. E. Peacock, County Judge of Volusia County, dated June 30, 1938, was assigned as error on the appeal to the circuit court. The notice of appeal taken by Mattie J. Smith and husband, DaCosta Smith, was dated July 29, 1938. The notice of appeal taken by Emma Trammell names the parties thereto, and the material portions thereof are, viz.:

"Now comes Emma Trammell, a widow, one of the inter-

venors in the above stated cause, and enters this appeal to the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, from the order of the Honorable J. E. Peacock, County Judge, revoking probate of the last will and testament of Nicholas P. Alkire, deceased, and in this cause First Atlantic National Bank of Daytona Beach, Florida, a corporation, as executor of the last will and testament of said Nicholas P. Alkire, deceased, was proponent; Mattie J. Smith and her husband, DaCosta Smith, were intervenors; Emma Trammell, a widow, was intervenor, and Ellen Alkire Callison, May Alkire Southern and Edwin Alkire were contestants. * * *"

. It was the duty of the circuit court under the provisions of Section 53 of Chapter 16103, Acts of 1933, upon application to set a date for hearing of the said appeal within sixty days after the same was taken, and on August 20, 1938, within the sixty days period, Mrs. Emma Trammell presented a written motion to the Honorable H. B. Frederick, Circuit Judge, in which it was recited that John R. Parkinson, attorney for Mattie J. Smith and DaCosta Smith, her husband, on August 12, 1938, was operated on for appendicitis and requested the court for an order setting a date for hearing the said appeals. Notice of the application for an order fixing the date of hearing was served upon counsel of record for the parties to the suit.

On August 20, 1938, the Honorable H. B. Frederick, Circuit Judge, made and entered an order enlarging the time of hearing the said appeals to 9:30 o'clock A. M., October 13, 1938, and the order so made was recorded in Circuit Court Minute Book No. 17 at page 513, on August 24, 1938. On October 13, 1938, after due notice of the hearing had been served on counsel of record it was learned the circuit judge was then engaged in the trial of an important case and a second order was entered enlarging the time of

hearing the appeals to November 14, 1938. The order recited that counsel of record for the parties were before the court when the order was entered on October 13, 1938. The order was recorded in Chancery Order Book No. 78 at page 136 and in Circuit Court Minute Book No. 17 at page 543 on October 13, 1938.

It is contended that the appeals to the circuit court from the county judge's court should have been dismissed by the circuit court for reasons, viz.: (a) the order dated August 20, 1938, enlarging the time of hearing the appeals was predicated on the motion of Mrs. Emma Trammell and the order so made was legally insufficient to include the other appellants, Mattie J. Smith and husband, DaCosta Smith; (b) while the order dated August 20, 1938, enlarging the time of hearing the appeals was recorded in Circuit Court Minute Book 17, at page 543, the same was not a substantial compliance with the provisions of Section 53, *supra*. The case of Klein v. Werner, 133 Fla. 683, 183 So. 159, and Sections 4642, 4857, 4948 C. G. L., and other Florida cases are cited. We find no fault with the authorities cited.

Section 53 of Chapter 16103, *supra*, provides that the order so made by the circuit court enlarging the time for hearing the appeals shall be "filed and recorded in the office of the clerk of the circuit court." The filing thereof was properly made and the same recorded in the Circuit Court Minute Book No. 17 at page 543. We think this is a substantial compliance with the requirements of the statute in the absence of a mandate of the statute that the same should be recorded in the chancery order book.

The order of the circuit court dated August 20, 1938, enlarging the time of hearing the appeals and the second order dated October 13, 1938, "after due notice," recited "and there being present at the said hearing Millard Conklin, Esquire, Attorney for the appellees; Paul W. Harvey,

Esquire, attorney for appellant Emma Trammell, and John R. Parkinson, attorney for appellants Mattie J. Smith and DaCosta Smith, her husband, and all parties being ready for trial. * * *" The technical contention that the orders made on the motion of one appellant was legally insufficient to include the other appellants in the same cause comes at a late date when presented in the petition for a rehearing.

We fail to find merit in this contention. The record shows that counsel for appellants was personally present in the lower court or notice to appear therein was served on him prior to August 20 and October 13, 1938, when the orders enlarging the time for hearing the appeals were made and entered. If the orders made on the motion of Mrs. Emma Trammell were legally insufficient to include the appeal of Mattie J. Smith and husband were legally insufficient to include the appeal of Mattie J. Smith and husband, DeCosta Smith, then it appears that the responsibility rested on counsel for appellants here, at said hearings in the lower court, to have presented the contention to the circuit court when the orders were being made and the court granted an opportunity based on the objections to amend the order so as to meet the views of counsel.

It is not good grace for counsel to be heard now on the identical point not brought to the attention of the lower court, when it was his duty to speak but he then chose to remain silent.

In the case of Mitchell v. Mitchell, 139 Fla. 634, 190 So. 758, this Court held that Section 53 of Chapter 16103 was directory and not mandatory. The principle of law enunciated in the case of Klein v. Werner, 133 Fla. 683, 183 So. 159, is not applicable to the case at bar. We have in the case at bar a different set of facts.

We have considered the other questions presented by the petition for rehearing. Careful study has been made of

the entire record and the first impression of the writer of this opinion on the facts was that the order assigned as error here should be reversed, but a close study of the testimony directs the single conclusion and that is the one reached by the lower court. See Section 4637 (2918) C. G. L.

The petition for rehearing is denied.

WHITFIELD, P. J., and BUFORD, J., concur.

BROWN, J., dissents.

CHIEF Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BROWN, J. (dissenting).—I am inclined to the view that the decision in Klein v. Werner was in effect overruled by Mitchell v. Mitchell, both cases being cited above. ⋅ Therefore I am not at all convinced that the first ground of the petition for rehearing is tenable. But I do think the petition for rehearing should be granted on the second ground. We have held in a number of cases that the conclusions of the probate court on conflicting evidence should not be disturbed on appeal to the circuit court unless the legal effect of the proof has been misapprehended or there is a lack of evidence to support the findings. See opinion of Mr. Justice THOMAS on rehearing in *In Re:* Donelly's Estate, 137 Fla. 459, 188 So. 108, and cases cited.

## SUPPLEMENTAL OPINION

WHITFIELD, J.—Upon further consideration of this record, *sua sponte,* we have examined the actions of the circuit judge to determine whether he exceeded his jurisdiction and usurped the functions of the county judge's court as a trial court by making independent findings of fact and by passing upon the weight of evidence and credibility of witnesses

on the printed record as a trial court, but failed to given any consideration to the force and effect of the judgment of the county judge's court, and by failing to confirm the judgment of the county judge's court, there being substantial evidence in the record to support such judgment; and whether this Court properly applied the rule in our former decision, e. g., *in re* Donnelly's Estate, 137 Fla. 459, 188 So. 108.

The circuit judge did not try or hear *de novo* the case appealed to the circuit court; but did consider the record on the appeal, and formed his own conclusions from the evidence as contained in the record, and reversed the decree of the county judge upon a consideration of the record before him on appeal, as was his province in exercising his judicial power within his appellate jurisdiction. Secs. 1, 11, Art. V, Constitution.

This Court on the appeal brought here considered the entire record in the cause and found there was evidence adduced to sustain the decree of the county judge; but this Court also found that the whole evidence justified the reversal by the circuit court of the decree of the county judge; and thereupon this Court affirmed the decree of the circuit court reversing the county judge's decree, as it was within the province of this Court to do, under the judicial power and appellate jurisdiction conferred by Sections 1 and 5 of Article V of the State Constitution.

Under the Florida Constitution the judicial power of the State is vested in the Supreme Court, circuit courts, county courts, and county judges, and other courts. Sec. 1, Art. V. The jurisdiction of the Supreme Court includes appellate jurisdiction "of appeals from the circuit courts in cases arising before judges of the county courts in matters pertaining to their probate jurisdiction and in the management of the estates of infants." Sec. 5, Art. V. The circuit courts have "supervision and appellate jurisdiction of matters arising

before county judges pertaining to their probate jurisdiction, or to the estates and interests of minors." Sec. 11, Art. V. The county judge shall have jurisdiction of the settlement of the estates of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate. Sec. 17, Art. V.

The judicial power in the several courts vested by Section 1, Article V, and the original and appellate jurisdiction defined by Sections 5, 11 and 17, for the Supreme Court, the circuit courts and the county judges, as stated above, are not delegable and cannot be abdicated in whole or in part by the courts. The appellate jurisdiction and power of the circuit courts in reviewing decrees and judgments of the county judge in probate as well as other defined matters, includes the judicial power and duty to determine in each case from a due consideration of the transcript on appeal, whether the decree or judgment of the county judge is sustained by the legal effect of the entire evidence and by applicable law. The weight to be given to the findings of fact or to the decree rendered upon the facts adduced in evidence in the trial court, as shown by the record on appeal, is for the appellate court to determine for itself within the judicial powers and jurisdiction conferred by the Constitution.

This rule is in effect stated in the Act of February 10, 1832, Section 4637 (2918) C. G. L., which is as follows.:

"It shall be the duty of the court on an appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence or decree of the court below, or to give such judgment, sentence or decree as the court below ought to have given, or as to it may appear according to law."

The weight to be given to evidence in judicial proceedings is not a matter for legislative regulation. This is the

necessary effect of the commands contained in Article II of the State Constitution. State v. A. C. & S. Co., 84 Fla. 123, 92 So. 871. See Ponder v. Graham, 4 Fla. 23; Trustees Int. Imp. Fund v. Bailey, 10 Fla. 238; Ruff v. Ga. S. & F. R. Co., 67 Fla. 224, 64 So. 782.

Judicial appeals are not merely formalities; but are intended to aid in administering right and justice by due course of law, as is required by the Constitution, as well as to aid in establishing the jurisprudence of the State.

The nature of the evidence and other pertinent facts and circumstances as shown by the record, may be considered by the appellate court in determining in each case how much weight should be given to the findings or decree of the trial court in determining whether such findings or decree is or is not erroneous. Decisions in other cases may be persuasive but may not control the appellate judgment or decree.

The general rule of decision in appellate reviews of evidence shown by the record to have been adduced in the trial courts, is that where there is substantial legal evidence in support of the judgment, order, or decree made thereon and the trial court did not misinterpret the legal effect of the whole evidence or did not misapply the law to the evidence, or the judgment, order or decree is not contrary to the probative force of the whole evidence under the issues and the law, the judgment, order or decree of the trial court will be affirmed; but if in the opinion of the appellate court the judgment, decree or order appealed from is contrary to the probative force or the legal effect of the evidence, or some rule of law has been violated or misapplied, to the substantial injury of the complaining party, the judgment, decree or order appealed from will be reversed by the appellate court.

The appellate court, whether intermediate or final, cannot surrender or evade its judicial power and duty to decide

for itself both the probative force of the evidence as shown by the record, and the law applicable thereto, and to render the judgment or decree which in law should be rendered; but unless it is affirmatively made to appear to the appellate court that the judgment, order or decree appealed from is erroneous on the evidence or under the law, to the substantial injury of the complaining party, the judgment, decree or order appealed from will be affirmed. Each case should be determined on its own facts and the applicable law. Statutes cannot direct or control the judicial judgment of the trial or the appellate court in the exercise of the judicial power vested in the court by the Constitution when such judicial power is duly exerted within the limitations *prescribed by the Constitution* in defining the powers and jurisdiction of the courts respectively.

This court has not adjudged the rule of decision to be that "when there is substantial evidence in the record to support the judgment" of the trial court, the appellate court whether intermediate or final, should affirm the judgment. The legal effect or probative force of the evidence considered as an entirety as well as the applicable law should be considered in reviewing such appeals.

The mere presence in the record of substantial evidence to sustain the decree or judgment appealed from is not enough to justify an affirmance. The legal effect of the entire evidence as it is duly made a part of the record on appeal, as well as the law on the issues made, should be considered and determined by the appellate court in the process of adjudicating an affirmance or a reversal of the decree or judgment on appeal.

This is required by the vesting of judicial power in the courts, by Section 4 and other sections of the Declaration of Rights of the Constitution, and by Section 4637 (2918) C. G. L. above quoted.

The opinion in the Donnelly case, *supra,* on page 486, contains the following:

"The court has ruled that the conclusion of the probate court on conflicting evidence will not be disturbed unless the legal effect of the proof has been misapprehended or there is a lack of evidence to support the findings." Hooper v. Stokes, 107 Fla. 607, 145 So. 855; Parker v. Penny, 95 Fla. 922, 117 So. 703."

Nothing written in this case conflicts with Section 55 of Chapter 16,103, Laws of Florida, Acts of 1933 (The Probate Act), or with Section 4642 C. G. L.

The former opinion of the Court is adhered to.

TERRELL, C. J., and CHAPMAN, J., concur.

BROWN and BUFORD, J. J., dissent in part.

THOMAS, J., not participating.

BROWN, J. (dissenting in part).—I concur in practically all that has been said in the able majority opinion, which quotes with apparent approval the rule laid down in the Donnelly case. But when that rule is applied to the case before us, I still think the decree appealed from should be reversed.

BUFORD, J., concurs.

BUFORD, J. (dissenting in part).—I concur in most of what is said in the opinion prepared by Mr. Justice WHIT-FIELD pursuant to recall of mandate and reconsideration of the merits of this cause. I recognize the establishment of the legal principle as stated in that opinion, viz.:

"The court has ruled that the conclusion of the probate court on conflicting evidence will not be disturbed unless the legal effect of the proof has been misapprehended or there is a lack of evidence to support the findings."

But, as I read the record it clearly appears to me that the circuit judge violated this rule in that he did not accord

to the findings and judgment of the county judge the force and effect which the established law in this regard requires. There is nothing in the record which indicates that the "legal effect of the proof was misapprehended" by the county judge or that "there is a lack of evidence to support" his findings.

In such state of the record, it was error on the part of the circuit judge to disturb the judgment of the county judge and it is now our duty to reverse the judgment of the circuit court and uphold the judgment of the county judge based on substantial evidence and a proper construction of the legal effect of such proof.