SHEPHERD, J.
 

 The State of Florida, Department of Highway Safety and Motor Vehicles appeals a circuit court order to the Department to enforce a subpoena issued, pursuant to section 322.2615(6)(b), Florida Statutes (2010), to Miami-Dade County Police Officer Robert McGrath to appear at a formal review administrative hearing requested by Carolina Leyva to contest the suspension of her driver’s license for driving under the influence of alcohol. We reverse the order under review.
 

 The procedure to enforce ’noncompliance by a witness with the subpoena issued pursuant to section 322.2615(6)(b) appears in the next succeeding subsection and reads as follows:
 

 (c) A party may seek enforcement of a subpoena under paragraph (b) by filing a petition for enforcement in the circuit court of the judicial circuit in which the person failing to comply with the subpoena resides. A failure to comply with an order of the court shall result in a finding of contempt of court.
 

 However, a person is not in contempt while a subpoena is being challenged.
 

 § 322.2615(6)(c) Fla. Stat. (2010) (emphasis added). A plain reading of this subsection of the Florida Statutes reveals that enforcement of noncompliance with a subpoena directing a witness to appear at an administrative formal review hearing is contemplated “in the circuit court of the judicial circuit in which the person failing to comply with the subpoena resides” by “an order of the court.” The natural workings of such proceedings are coercive in nature and rooted in the power of contempt. The power to hold a person in
 
 *1139
 
 contempt is indisputably a judicial power.
 
 Ducksworth v. Boyer,
 
 125 So.2d 844, 845 (Fla.1960). Separation of powers principles prohibit a court from delegating or assigning the judicial power to a coordinate branch of the government in this state.
 
 See
 
 Article II, § 3, Fla. Const. (2010);
 
 Perry v. State,
 
 513 So.2d 254, 255 (Fla. 2nd DCA 1987) (finding a trial court should not delegate its responsibility of determining restitution and requiring its payment to a nonjudicial officer);
 
 In re Alkires Estate,
 
 144 Fla. 606, 623, 198 So. 475, 482 (Fla.1940) (supplemental op.) (“The judicial power ... [is] not delegable and cannot be abdicated in whole or in part by the courts.”). The doctrine is one that is followed strictly in this state.
 
 See Askew v. Cross Key Waterways,
 
 372 So.2d 913, 924 (Fla.1978) (finding that the Florida Constitution expressly limits one branch of government from exercising any powers belonging to either of the other branches of government).
 

 For the foregoing reasons, we reverse the order under review for further proceedings consistent with this opinion.
 

 Reversed and remanded.