[No. 8,724.   Department Two.—February 2, 1884.]

ESTATE OF JAMES LANG, Deceased, SARAH A. LANG, Appellant, and RACHEL ANN COOPER et al., Respondents.

Evidence — Mental Capacity of Testator — Family Differences. — In passing upon the mental condition of a testator, family differences should not be considered by the jury except as they may bear upon the testator's mental capacity at the time of the execution of the will.

Evidence — Declarations of a Person of Unsound Mind. — The declarations of a testator, while of unsound mind, to the effect that he was of unsound mind, and under undue influence at the time of the execution of a will, does not prove or tend to prove the truth of the matters declared by him.

Presumption — Drunkenness — Mental Incapacity. — No presumption arises that a man is of unsound mind from the fact that he is a drunkard.

Revocation of Will — Intent. — Where a testator who tears his name from a will is of unsound mind at the time, the intent with which the act was performed does not constitute an element of revocation.

Appeal from a judgment of the Superior Court of the county of Solano, and from an order refusing a new trial.

The appellant Sarah A. Lang, widow of James Lang, deceased, applied for probate of a will of decedent, dated November 9, 1880, and for letters testamentary. Subsequently she filed two other petitions, praying for the probate of two wills dated respectively October 6, 1879, and December 3, 1880, and for letters testamentary thereon. These several wills were contested by the heirs of the deceased; that of October 6, 1879, upon the grounds that the testator was of unsound mind, and was under undue influence of his wife, and that some time afterwards he tore off the signature, with intent to revoke the will, that of November 9, 1880, upon the ground that he was under undue influence of his wife and influenced by misrepresentations and threats made by her; and that of December 3, 1880, upon the ground that the testator was of unsound mind, and under undue influence of his wife. At the hearing special issues were framed and submitted to a jury.

The other facts sufficiently appear in the opinion of the court.

*J. F. Wendell*, for Appellant.

*J. M. McKenna*, and *O. R. Coghlan*, for Respondents.

MYRICK, J. — Three papers were offered for proof as to which, if either, was the last will of the deceased. The widow of deceased was the proponent, and certain of his children were contestants. The papers are dated respectively October 6, 1879, November 9, 1880, and December 3, 1880. The case arising on the contest was tried by a jury, and answers were returned to the special issues submitted. We do not see the basis upon which some of the answers were founded, unless the jury were of opinion that they were arbitrators of some matters of difference between the widow and children, instead of determining as to the condition of the deceased. The jury should have had nothing to do with the family feuds, except as bearing on the testamentary capacity of the deceased. Further than that, likes and dislikes are of no moment in this case.

The jury found that the deceased was of unsound mind at the date of the paper of October 6, 1879, and that he was induced to execute it by the undue influence of his wife. There is no evidence appearing in the transcript to support either of these findings; the evidence is the reverse, and is uncontradicted. The deceased had been addicted for years to the use of intoxicating liquors; but, as we said in *Estate of Johnson*, 57 Cal. 529, "we cannot say, as a rule of law, that because a man is a drunkard, therefore he is of unsound mind." The jury had not evidence before them of the effect his intemperate habits had upon his testamentary capacity in October, 1879.

The jury found that the deceased tore his signature from the paper of October 6, 1879, with intent to revoke it as a will, and that he was of unsound mind at the time of the tearing. There is evidence to sustain these findings; though, if he were of unsound mind, the intent was nothing but an insane intent, and would not constitute an element of revocation.

The contestants claim that by declarations made by deceased during his last illness, he was of unsound mind and under the undue influence of his wife, in the execution of the paper of October 6, 1879. Conceding (which we do not) that such declarations were competent evidence, it is sufficient to say that it was a part of the contestant's case to establish his unsoundness of mind at the time of his last illness; such unsoundness was established, and was found by the jury; therefore such declara-

tions would not prove, or tend to prove, the truth of the matters declared by him.

The jury found that the deceased was induced to execute the paper of November 9, 1880, by the undue influence and threats of his wife. How far this was sustained by evidence is apparent from the testimony of the witnesses present. "Mrs. Lang was in the room at the time. He dictated the will; she had a good deal to say about it; he reprimanded her for her dictation; the will was drawn as he dictated it." Again: "She opposed the making of it and provisions of it. She objected particularly to the brother having an interest in it. . . . . He would damn her and tell her to dry up. He threatened to put her out of the room, and persisted in making the will in spite of everything she said." We see here no evidence that the will was procured to be executed by the undue influence or threats of his wife.

The jury found that at the time of the execution of the paper of December 3, 1880, the deceased was of unsound mind. There is evidence to support this finding. The jury also found that the deceased was induced to execute this paper by the undue influence *or* threats (which, is not stated) of the wife; but, as he was then of unsound mind, threats or undue influence cut no figure for the purposes of this appeal.

The judgment and order are reversed, and the cause is remanded for a new trial as to issues i., ii., and vi. As to the other issues, the verdict will stand, subject to what is above said regarding the answer to issue iv.

THORNTON, J., and SHARPSTEIN, J., concurred.