FREDERICK L. LINKMEYER, Appellant, v. AGNES BRANDT, *et al.*

**Wills:** CAPACITY TO REVOKE: *Guardianship.* A testator has capacity to revoke a will if he has full and intelligent knowledge of his property, of those entitled to his bounty, and of the nature of the act, and acts without being influenced by anyone, notwithstanding that he is incapable of making contracts and is under guardianship.

*Appeal from Chickasaw District Court.*—HON. A. N. HOBSON, Judge.

SATURDAY, DECEMBER 17, 1898.

PLAINTIFF's petition is in two counts. In the first he alleges, in substance, as follows: That on the twenty-second day of March, 1896, John D. Baum died testate, leaving the defendants named as his sole heirs; that on the twenty-fourth day of August, 1891, said Baum, being of sound mind, made and executed his last will as set out, devising one hundred dollars to St. Mary's Catholic church of North Washington, Iowa, after the payment of debts, and the residue of his estate to the plaintiff; that on the nineteenth day of October, 1892, said Baum was put under guardianship as a person of unsound mind, which guardianship continued until his death; that about the twenty-fourth day of April, 1894, said Baum, when of unsound mind and wholly incompetent to cancel his said will, burned the same. It is further alleged in the second count that deceased was induced by undue influence of J. B. Bane, his guardian, to destroy said will. Plaintiff alleges that because of the want of mental capacity to revoke said will and of said undue influence, the same was not canceled, but remains in full force, and he prays that it may be established and enforced. Defendants, answering, admit that they are heirs at law of deceased, and that he died March 2, 1896.

They deny that he executed a will as alleged, deny that he was at that time of sound mind or competent to make a will, and allege that Baum was caused to execute said pretended will by undue influence. They admit that Baum burned said pretended will, and allege that he did so with the intent thereby to cancel and revoke the same and the said pretended will became thereby absolutely null and void and of no force or effect. Decree was rendered dismissing plaintiff's petition and for costs. Plaintiff appeals.—*Affirmed.*

*J. H. Powers* and *T. C. Clarey* for appellant.

*J. R. Bane* and *Clements & Clements* for appellees.

GIVEN, J.—There is no question but that about the twenty-eighth day of August, 1891, John D. Baum, now deceased, executed a will, a copy of which is set out in the petition. We think Baum was at that time capable of making a will, but whether he was induced to make this will by undue influence is a more doubtful question, but one that, in the view we take of the case, need not be determined. We are in no doubt but that at the time John D. Baum destroyed that will, though under guardianship, he was, under the ruling in *Meeker v. Meeker,* 74 Iowa, 353, capable of either making or canceling his will; that he was not influenced by his guardian, or any other person, to destroy the will; and that he acted voluntarily, understandingly, and with the intention of canceling that will. Appellant cites authorities to the effect that unsoundness of mind must be presumed from the appointment of the guardian, and that it continues throughout the guardianship. *In re Fenton's Will,* 97 Iowa, 193. Let this be conceded, still we think these presumptions are fully over-come by the evidence as to the condition and acts of the deceased at the time he burned the will. We conclude that the decree is correct, and it is therefore AFFIRMED.