CHARLES F. TONNELIER, *et al.*, v. ALICE TONNELIER and HENRY TONNELIER

181 So. 150.
Division A.
Opinion Filed January 13, 1938.
On Rehearing May 5, 1938.

*Mabry, Reeves, Carlton & White,* for Appellants;

*Sheppard & Clements* and *W. McL. Christie.* for Appellees.

PER CURIAM.—The appeal in this case brings for review order dismissing amended bill of complaint.

It was sought by the bill of complaint to require the defendants in the court below to pay over to the plaintiffs, the complainants, a legacy of $60,000.00 alleged to have been due the plaintiffs under the terms of the last will and testament of Peter Tonnelier. The suit was brought by Charles F. Tonnelier, Victor L. Tonnelier, Mary S. Mc-Farland, Anna Dwan, joined by her husband, Edward Dwan, Margaret Garvey and Amelia A. Tonnelier, who were brothers and sisters of the deceased, Peter Tonnelier, against Alice Tonnelier, the widow of Peter Tonnelier, and H. R. Tonnelier, a brother of the deceased who was made a party defendant because he did not join as a party complainant.

The relief sought is against Alice Tonnelier, the widow.

The record shows that in 1918 Peter Tonnelier, who had no children, made and executed in due form his last will and testament disposing of an estate of the value of about $400,000.00; that he bequeathed $60,000.00 to his brothers and sisters, who were (8) in number, and left the residue of his estate to his wife, Alice Tonnelier.

On December 8th, 1924, a codicil was attached to the will, the effect of which, if valid, was to reduce the amount of the bequests to his brothers and sisters.

On January 24th, 1932, the will was destroyed by the defendant Alice, in the presence of the testator and, it is contended by Mrs. Tonnelier that the destruction of the will

was the voluntary act of the testator for the purpose of revoking the will.

It is contended by the complainants that the testator was without testamentary capacity at the time of the execution of the codicil in 1924 and was without testamentary capacity at the time of the alleged revocation of the will in 1932.

The questions for our determination are, (1) whether or not the testator possessed testamentary capacity when the codicil was added to the will, *supra,* and (2) whether or not the testator possessed testamentary capacity when the will was destroyed as an alleged act of revocation.

In Newman v. Smith, 77 Fla. 633, 82 Sou. 236, this Court defined testamentary capacity, saying:

"The rule for testing testamentary capacity is thus stated by the great jurist, Lord Erskine, 'But their Lordships are of the opinion, that in order to constitute a sound disposing mind a Testator must not only be able to understand that he is by his will giving the whole of his property to one object of his regard; but that he must also have capacity to comprehend the extent of his property, and the nature of the claims of others, whom, by his will, he is excluding from all participation in that property; and that the protection of the law is in no cases more needed, than it is in those where the mind has been too much enfeebled to comprehend more objects than one, and most especially when that one object may be so forced upon the attention of the invalid, as to shut out all others that might require consideration; and, therefore, the question which their Lordships propose to decide in this case, is not whether Mr. Baker knew when he was giving all his property to his wife, and excluding all his other relations from any share of it, but whether he was at that time capable of recollecting who those relations were, of understanding their respective claims upon his regard and bounty, and of de-

liberately forming an intelligent purpose of excluding them from any share of his property. 'If he had not the capacity required, the propriety of the disposition made by the will is a matter of no importance. If he had it, the injustice of the exclusion would not affect the validity of the disposition, though the justice or injustice might cast some light upon the questions as to his capacity.' Harwood v. Baker, 3 Moore 282, 13 Eng. Rep. (Full Reprint) 117.

"A like rule governs the courts of this country. 'We have held that it is essential that the testator has sufficient capacity to comprehend perfectly the condition of his property, his relations to the persons who were, or should, or might have been the objects of his bounty, and the scope and bearing of the provisions of his will. He must, in the language of the cases, have sufficient active memory to collect in his mind, without prompting, the particulars or elements of the business to be transacted, and to hold them in his mind a sufficient length of time to perceive at least their obvious relations to each other, and be able to form some rational judgment in relation to them. A testator who has sufficient mental power to do these things is, within the meaning and intent of the Statute of Wills, a person of sound mind and memory, and is competent to dispose of his estate by will.' Delafield v. Parish, 25 N. Y. 9".

It is well settled that where revocation is relied upon and such revocation is by some act of the testator, the testator must have the capacity at the time of such alleged revocation which the law would require him to have if he were making his last will for the first time. See Page on Hills, Sec. 422, page 670; also Lang's Estate, 65 Cal. 19, 2 Pac. 491; Johnson's Will, 40 Conn. 587; Forbing v. Weber, 99 Ind. 588; Linkmeyer v. Brandt, 107 Iowa 750, 77 N. W. 493; Sewell v. Robbins, 139 Mass. 164, 29 N. E. 650.

In the case of Newman v. Smith, *supra,* it was also held:

"Where the finding of a trial judge is contrary to the legal effect of the evidence on the issues made, the Appellate Court should reverse the finding even though the trial judge personally saw and heard the witnesses testify and even though there were conflicts in the testimony, and there was some evidence tending to support the finding. Where the Circuit Court reverses a decree of a county judge in a will contest on the evidence, the Supreme Court will affirm the decree of the Circuit Court if it accords with the legal effect of the evidence."

It could serve no useful purpose to detail the evidence contained in the voluminous record before us.

As to whether or not the testator possessed testamentary capacity at the time of the execution of the codicil to the will, the testimony is conflicting but we must say that there was not sufficient testimony in rebuttal of the showing that the testator was then without testamenary capacity to warrant the Chancellor in finding that at that time the testator possessed testamentary capacity to execute a binding codicil.

As to the testamentary capacity of the testator, however, at the time of the alleged revocation of the will, we are brought to the conclusion that the record shows beyond room for doubt that at that time the testator was in such mental and physical condition that he did not possess testamentary capacity. If he had at that time attempted to make a new will, such new will would not have been sustained as his free and voluntary act.

We think that the same rule should be applied in cases of this sort originating in the Circuit Court which was applied in Hooper v. Stokes, 107 Fla. 607, 145 Sou. 85, 146 Sou. 668, which was: "Where probate judge in will contest misapprehended legal effect of evidence as entirety, findings

should not be sustained merely because there is contradicted evidence on which findings may be predicated."

Applying that enunciation to this case, we hold that where the Circuit Judge has misapprehended the legal effect of evidence as an entirety, findings should not be sustained merely because there is contradicted evidence on which findings may be predicated.

For the reasons stated, the decree should be reversed and a decree should be entered to conform to the view herein expressed.

So ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.

### ON PETITION FOR REHEARING.

PER CURIAM.—This Court having on January 13, 1938, rendered its opinion and entered its judgment, reversing the decree of the Circuit Court for Lee County in this cause with directions to the Circuit Court to enter a decree herein to conform to the views expressed in the Court's said opinion; and Counsel for Appellee, Alice Tonnelier, having filed a petition for rehearing addressed to the aforesaid opinion and judgment of January 13, 1938, and the Court having granted such petition for rehearing and having pursuant thereto heard additional arguments by counsel for the respective parties and having further considered the cause and being now fully advised in the premises, it is thereupon considered, ordered and adjudged by the Court that the Court does now, following the said rehearing, recede from its holding in its original opinion to the effect that the evidence was not sufficient to justify the chancellor's finding that Peter Tonnelier possessed testamentary capacity when

the codicil of December 8, 1924, was added to the will, the result being that the finding of the chancellor on that issue is sustained; but the Court adheres to and reaffirms its former opinion and holding to the effect that, on the evidence in this case, the said testator, Peter Tonnelier, did not possess testamentary capacity at the time of the alleged revocation of the will in 1932.

The result is that the decree appealed from must be and is hereby reversed with directions to enter a decree in conformity with the views expressed in our original opinion as modified, as above set forth, on this rehearing.

Reversed and remanded with directions.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD, and CHAPMAN, J. J., concur.