*In Re:* ESTATE OF NICHOLAS P. ALKIRE, Deceased, ELLEN ALKIRE CALLISON, MAY ALKIRE SOUTHERN and EDWIN ALKIRE v. MATTIE J. SMITH, and DaCOSTA SMITH, her husband; FIRST ATLANTIC NATIONAL BANK OF DAYTONA BEACH, as Executor of the Last Will and Testament of Nicholas P. Alkire, Deceased, and EMMA TRAMMELL, a widow.

196·So. 808
Division B
Opinion Filed May 10, 1940
Rehearing Denied June 28, 1940

*Millard B. Conklin,* and *Keen & Allen,* for Appellants;
*John R. Parkinson,* Attorney for Mattie J. Smith and DaCosta Smith, her husband.

*W. M. Cobb,* Attorney for First Atlantic National Bank of Daytona Beach, and *P. W. Harvey* for Emma Trammell, Appellees.

CHAPMAN, J.—The record in this case discloses that on September 8, 1936, there was filed in the County Judge's office of Volusia County, Florida, the last will and testament of Nicholas P. Alkire, with a petition for probate and for letters testamentary. An order was entered in the county judge's court admitting the said will to probate upon the affidavits of the attesting witnesses, viz.: Muriel O'Neill, Anna L. McKeever and William M. Cobb.

The material portions of the said last will and testament are viz.:

"I, NICHOLAS P. ALKIRE, of Daytona Beach, Volusia County, Florida, being of sound and disposing mind and memory do make this my last will and testament, hereby revoking any and all former wills and codicils by me heretofore made.

"I. I direct the payment of my funeral expenses and all my just debts as promptly as possible after my decease.

"II.   I give, devise and bequeath unto Mrs. EMMA TRAM-
MELL of Daytona Beach, Florida, my property described as
Lot Ten (10) Block eleven (11) Rogers Seabreeze, Day-
tona Beach, Florida, together with all furniture and fur-
nishings therein contained absolutely and in fee simple,
forever, and the sum of FIVE HUNDRED DOLLARS ($500.00)
in cash, if she shall be in my employ at the time of my
decease.

"III.   But, if the said Emma Trammell be not in my
employ at the time of my decease then the foreging devise
and bequest to her shall lapse and fall into and become a
part of my residuary estate.

"IV.   I give, devise and bequeath all of the rest, residue
and remainder of my property, estate, and effects, both real
and personal whatsoever and wheresoever situate, which I
may now own and which I may hereafter acquire and have
power to dispose of at the time of my decease, unto my
niece, MRS. MATTIE J. SMITH, wife of DeCosta Smith of
Weston, State of West Virginia, her heirs and assigns, ab-
solutely and in fee simple, forever.

"THIS is Page ONE (1) of my Last Will and Testament.

"(Signed) NICHOLAS P. ALKIRE    (SEAL)

"V.   It is my desire that I shall be buried in the family
lot in the Odd Fellows' Cemetery at Fairview Methodist
Protestant Church at Hacker's Creek, West Virginia; and
it is my further desire, and I so request that the said Mattie
J. Smith will look after the upkeep of the said cemetery lot
in a reasonable and decent manner, and I leave it to her
honor so to do.

"VI.   I hereby constitute and appoint THE FIRST AT-
LANTIC NATIONAL BANK OF DAYTONA BEACH, FLORIDA, as
executor of this my last Will and Testament, and it is my
suggestion and I so request, that my executor shall confer

with William M. Cobb, Esquire, of Daytona Beach, Florida, my attorney, for assistance in probating this my Will, and in closing my estate.

"In Witness Whereof, I have hereunto set my hand and seal this eighth day of March, A. D. 1935."

On March 26, 1937, Ellen Alkire Callison, May Alkire Callison and Edwin Alkire filed a petition for the revocation of probation of the alleged will on the grounds; (a) that Nicholas P. Alkire was not of sound mind on March 8, 1935; (b) the said Nicholas P. Alkire did not have the necessary testamentary capacity to make a will; (c) Nicholas P. Alkire did not have the ability to mentally understand the extent and character of his property; (d) that Nicholas P. Alkire did not have the mental capacity to comprehend the nature of his obligations to others, the persons who had legal and natural claims upon him, who should be the subject of his bounty; (e) that Nicholas P. Alkire, on May 8, 1935, was about 76 years of age, had been in his dotage for five years and did not possess testamentary capacity.

The petition sets forth other reasons or grounds for the revocation of the will and a prayer for a citation to be issued and that the court receive testimony on the issues made. The said petitioners were the blood relations or lineal descendants of the testator. An order of intervention was permitted, and an answer was filed by the defendants claiming under the will, which denied the material allegations of the petition for revocation.

On the issues tendered by the pleadings, the respective parties adduced considerable testimony. The testimony as taken centered largely around the testamentary capacity of the testator and but little, if any, testimony was offered on the issue of undue influence. The will gave to Mrs. Emma

Trammell, the housekeeper of the testator, the home and $500.00 in cash, and after the making of the will, the testator invested $10,000.00 in annuities with the New York Life Insurance Company and Metropolitan Life Insurance Company, which he also gave to Mrs. Trammell.

After all the evidence had been received, Honorable J. E. Peacock, County Judge of Volusia County, made and entered an order dated June 30, 1938, revoking the order dated September 8, 1936, which admitted to probate the last will and testament of Nicholas P. Alkire.

From said order as made and entered by the County Judge of Volusia County, Florida, an appeal was taken to the Circuit Court of Volusia County and a number of errors assigned for the reversal thereof. The notice of the entry of appeal is dated July 29, 1938, and it is insisted that the appeal should have been heard within sixty days from July 15, 1938, but the Ccircuit Judge, on August 20, 1938, made and entered an order enlarging the time in which the said appeal should be heard to include October 13, 1938. On October 13, 1938, the Circuit Judge by an order enlarged the time for hearing the appeal to include the 14th day of November, 1938, because an important case was then being heard or tried and because of the condition of the docket, and the said appeal was set for a hearing at 9:30 A. M., November 14, 1938, and notice of said hearing was given by counsel. The appeal was heard by the Honorable H. P. Frederick, Circuit Judge, on November 14, 1938, and on June 22, 1939, a decree was made reversing the order entered by the County Judge of Volusia County on June 30, 1938. From the decree entered by the Circuit Court of Volusia County, Florida, dated June 22, 1939, an appeal has been perfected to this Court and a number of errors assigned for a reversal thereof.

It is contended that the appeals of Mattie J. Smith and

Emma Trammell taken under Section 53 of Chapter 16103, Acts of 1933, Laws of Florida, from the order of the County Judge of Volusia County, Florida, dated June 30, 1938, to the Circuit Court of Volusia County should have been dismissed for reasons, viz.:

"1.   Because the sixty-day period for hearing the appeal of Emma Trammell expired on September 13th, 1938, and the enlargement thereof by the Circuit Court, expired October 13th, 1938.

"2.   Because the sixty-day period for hearing the appeal of Mattie J. Smith and DaCosta Smith, her husband, expired September 27th, 1938, and the enlargement thereof by the Circuit Court expired October 13th, 1938.

"3.   Because there was no order entered, filed and recorded in the office of the County Judge, nor in the office of the Clerk of the Circuit Court, prior to September 13th, 1938, the end of the sixty-day appeal period for Emma Trammell, extending her appeal period beyond and after October 13th, 1938.

"4.   Because the Circuit Court was without authority— 'On its own motion'—to extend the time for hearing said appeals beyond and after October 13th, 1938, and 'to and including November 14th, 1938.'

"5.   Because the said extended appeal period for hearing said two appeals—'to and including said 14th day of November, A. D. 1938'—has expired.

"6.   Because the Judge of the Circuit Court has not entered an order extending or enlarging the time for hearing said appeals beyond and after November 14, 1938."

We fail to find merit in this contention.   See Mitchell v. Mitchell, 139 Fla. 634, 190 So. 758.   The reasons assigned in each of the orders enlarging the time in which the appeals could be heard were the condition of the docket of the

Court, other important cases then being considered, and the intention of the statute is directory but not mandatory. While considerable time was consumed by the court after hearing the case in November, 1938, and the date of signing the final decree, it is reasonable to assume that the court had other pressing official duties to discharge and the record in the case is voluminous and time necessarily is required to thoroughly understand and master the facts and the law applicable to those facts.

It is next contended that from the decree of the Circuit Court dated June 22, 1939, the deducible inference is that the circuit court failed or omitted to act, in the case at bar, as an appellate court but considered the case on appeal *de novo* and therefore the decree assigned as error in this Court made and entered by the circuit court is erroneous. It is difficult in a study of the final decree to reach the conclusion as advanced by counsel for appellants. The jurisdiction of the circuit court to hear or consider the case on appeal from the county judge's court is not challenged. If the court has jurisdiction to hear and determine the controversy on appeal, the fact that the final decree is construed to mean that the circuit court did not sit as an appellate court but considered the appeal *de novo,* appears to say the least, highly speculative. The decree of the circuit court assigned as error in this Court specifically reverses or revokes the order admitting to probate made by the County Judge's Court of Volusia County.

It is next contended that from all the evidence adduced in the County Judge's Court it is clearly established that the testator was of unsound mind on March 8, 1935, the date of the execution of his last will and testament. We have carefully studied the record, and while it is true that the testator at the time of making the will was advanced in years, his memory was faulty and at the time, according to

some of the witnesses, it was growing progressively worse. The bank officials testified as to this fact and were of the opinion that the testator was of unsound mind at the time the will was made and advanced a number of splendid reasons to support their conclusions.

. It is true that the testator conveyed three lots without consideration about the same time, a power of attorney was given to a person of uncertain standing, and he was about to turn over to an individual certain securities, and for these reasons, coupled with the daily contacts of some of the witnesses with the testator, it was concluded that the mind of the testator was not sound when the will was made.

On the other hand, it is shown that the testator went to his attorney, Mr. Cobb, in February, 1935, and consulted him about drafting a will. The will was drafted and the testator took the same home and studied it for several days and returned to the attorney's office, when the same, with some few changes, was signed. The deed to the home from the testator to Mrs. Trammell was left with attorney Cobb with written instructions. Mr. Cobb was of the opinion that the mind of the testator was sound, but his memory was not good like many people advanced well in years. Mr. Tappy was of the opinion that the testator's mind was sound. The undertaker, having an acquaintance with the testator of about twenty-five years, expressed a similar view. Mr. and Mrs. Carter, of Umatilla, close friends of many years' standing, were each of the opinion that the testator's mind was sound. Two carpenters employed from time to time by the testator thought his mind was good but his memory faulty. The physician of the testator testified to having an acquaintance with him for many years and treated him in his last illness, was of the opinion that his mind was sound but had a faulty memory due to old age. The nurse at the hospital

caring for the testator was of the opinion that his mind was sound but his memory bad.

It is suggested that his failure to give his property to his blood relatives is some evidence of an unsound mind. This item is fully explained by utterances of the deceased that his relatives had not visited him, were not interested in his welfare, and he did not care for any of them except the niece named in the will. The record shows that the wife of the testator died in 1929, and during that year he visited his old home in West Virginia but none of his relatives while on this visit manifested any interest in his welfare and did not pay him a personal call.

We have carefully studied the entire record and our conclusion is that the circuit judge made and entered such a decree as the evidence justified. We do not think it proper to disturb this decree. We are unable to find evidence in the record to sustain the contention that undue influence was exerted over the testator by Mrs. Emma Trammell.

The decree appealed from is hereby affirmed on authority of Tonnelier v. Tonnelier, 132 Fla. 194, 181 So. 150; Estate Clara R. Starr v. Wilson, 125 Fla. 536, 170 So. 620; Newman v. Smith, 77 Fla. 633, 82 So. 236.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON PETITION FOR REHEARING

CHAPMAN, J.—On petition for rehearing it is contended that this Court overlooked and failed to pass upon and to decide the main contention of appellants here, viz.: the mo-

tion for an order of a dismissal of the appeals of Mattie J. Smith and husband DaCosta Smith and Emma Trammell by the Circuit Court of Volusia County made and entered from the County Judge's Court of Volusia County to the circuit court in the case at bar. It is also argued that said motion should have been sustained by the circuit court under the provisions of Section 53 of Chapter 16103, Acts of 1933.

The order entered by the Honorable J. E. Peacock, County Judge of Volusia County, dated June 30, 1938, was assigned as error on the appeal to the Circuit Court. The notice of appeal on the part of Emma Trammell is dated July 15, 1938, and notice of appeal taken by Mattie J. Smith and husband, DaCosta Smith, was dated July 29, 1938. The notice of appeal taken by Emma Trammell names the parties thereto, and the material portions thereof are, viz.:

"Now comes Emma Trammell, a widow, one of the intervenors in the above stated cause, and enters this appeal to the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, from the order of the Honorable J. E. Peacock, County Judge, revoking probate of the last will and testament of Nicholas P. Alkire, deceased, and in this cause First Atlantic National Bank of Daytona Beach, Florida, a corporation, as executor of the last will and testament of said Nicholas P. Alkire, deceased, was proponent; Mattie J. Smith and her husband, DaCosta Smith, were intervenors; Emma Trammell, a widow, was intervenor, and Ellen Alkire Callison, May Alkire Southern and Edwin Alkire were contestants, * * *."

It was the duty of the Circuit Court under the provisions of Section 53 of Chapter 16103, Acts of 1933, upon application to set a date for hearing of the said appeal within sixty days after the same was taken, and on August 20, 1938, within the sixty days period, Mrs. Emma Trammell pre-

sented a written motion to the Honorable H. B. Frederick, Circuit Judge, in which it was recited that John R. Parkinson, attorney for Mattie J. Smith and DaCosta Smith, her husband, on August 12, 1938, was operated on for appendicitis and requested the court for an order setting a date for hearing the said appeals. Notice of the application for an order fixing the date of hearing was served upon counsel of record for the parties to the suit.

On August 20, 1938, the Honorable H. B. Frederick, Circuit Judge, made and entered an order enlarging the time of hearing the said appeals to 9:30 A. M., October 13, 1938, and the order so made was recorded in Circuit Court Minute Book No. 17 at page 513, on August 24, 1938. On October 13, 1938, after due notice of the hearing had been served on counsel of record it was learned that the Circuit Judge was then engaged in the trial of an important case and a second order was entered enlarging the time of hearing the appeals to November 14, 1938. The order recited that counsel of record for the parties were before the court when the order was entered on October 13, 1938. The order was recorded in Chancery Order Book No. 78 at page 136 and in Circuit Court Minute Book No. 17 at page 543 on October 13, 1938.

It is contended that the appeals to the Circuit Court from the County Judge's Court should have been dismissed by the Circuit Court for reasons, viz.: (a) the order dated August 20, 1938, enlarging the time of hearing the appeals was predicated on the motion of Mrs. Emma Trammell and the order so made was legally insufficient to include the other appellants, Mattie J. Smith and husband, DaCosta Smith; (b) while the order dated August 20, 1938, enlarging the time of hearing the appeals was recorded in Circuit Court Minute Book 17, at page 543, the same was not a substantial compliance with the provisions of Sectin 43, *supra*. The case

of Klein v. Werner, 133 Fla. 683, 183 So. 159, and Sections 4642, 4857, 4948 C. G. L., and other Florida cases are cited. We find no fault with the authorities cited.

Section 53 of Chapter 16103, *supra,* provides that the order so made by the Circuit Court enlarging the time for hearing the appeals shall be "filed and recorded in the office of the Clerk of the Circuit Court." The filing thereof was properly made and the same recorded in the Circuit Court Minute Book No. 17 at page 543. We think this is a substantial compliance with the requirements of the statute in the absence of a mandate of the statute that the same should be recorded in the Chancery Order Book.

The order of the Circuit Court dated August 20, 1938, enlarging the time of hearing the appeals and the second order dated October 13, 1938, "after due notice," recited "and there being present at said hearing Millard Conklin, Esquire, attorney for the appellees; Paul W. Harvey, Esquire, attorney for appellant Emma Trammell, and John R. Parkinson, attorney for appellants Mattie J. Smith and DaCosta Smith, her husband, and all parties being ready for trial * * *" The technical contention that the orders made on the motion of one appellant was legally insufficient to include the other appellants in the same cause comes at a late date when presented in the petition for a rehearing.

We fail to find merit in this contention. The record shows that counsel for appellants was personally present in the lower court or notice to appear therein was served on him prior to August 20th, and October 13th, 1938, when the orders enlarging the time for hearing the appeals were made and entered. If the orders made on the motion of Mrs. Emma Trammell were legally insufficient to include the appeal of Mattie J. Smith and husband, DaCosta Smith, then it appears that the responsibility rested on counsel for appellants here, at said hearings in the lower court, to have

presented the contention to the Circuit Court when the orders were being made and the court granted an opportunity based on the objections to amend the order so as to meet the views of counsel.

It is not good grace for counsel to be heard now on the identical point not brought to the attention of the lower court, when it was his duty to speak but he then chose to remain silent.

In the case of Mitchell v. Mitchell, 139 Fla. 634, 190 So. 758, this Court held that Section 53 of Chapter 16103 was directory and not mandatory. The principle of law enunciated in the case of Klein v. Werner, 133 Fla. 683, 183 So. 159, is not applicable to the case at bar. We have in the case at bar a different set of facts.

We have considered the other questions presented by the petition for rehearing. Careful study has been made of the entire record and the first impression of the writer of this opinion on the facts was that the order assigned as error here should be reversed, but a close study of the testimony directs the single conclusion and that is the one reached by the lower court. See Section 4637 (2918) C. G. L.

The petition for rehearing is denied.

WHITFIELD, P. J., and BUFORD, J., concur.

BROWN, J., dissents.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BROWN, J. (dissenting).—I am inclined to the view that the decision in Klein v. Werner was in effect overruled by Mitchell v. Mitchell, both cases being cited above. Therefore, I am not at all convinced that the first ground of the petition for rehearing is tenable. But I do think the petition for rehearing should be granted on the second ground.

We have held in a number of cases that the conclusions of the Probate Court on conflicting evidence should not be disturbed on appeal to the Circuit Court unless the legal effect of the proof has been misapprehended or there is a lack of evidence to support the findings. See opinion of Mr. Justice THOMAS on rehearing in *In Re:* Donally's Estate, 137 Fla. 459, 188 So. 108, and cases cited.