BARNS, PAUL D., Associate Judge.
The petitioner for certiorari, Ralph W. Alderman, seeks review of an order issued by the respondent, Doyle Conner, as Commissioner of Agriculture, revoking his fruit dealer’s license No. 93. The petition states that heretofore the petitioner filed a petition for certiorari in the circuit court of Orange County seeking review of the same order of which review is sought here and that the respondent to that petition moved to quash the proceedings in the circuit court on the grounds of its want of jurisdiction; that the circuit judge ruled that court had jurisdiction and proceeded with the hearing on the merits of the petition for certiorari; but at the time of the filing of the petition here no decision had been rendered in the circuit court.
The petition for certiorari in the circuit court was based on F.S. Section 601.68, F. S.A., which prescribes that “any administrative order of the commissioner issued under §§ 601.66 — 601.68, or 601.70 shall be deemed to have been issued in the county wherein the licensee has his main office * * * and the circuit court of such county shall be the court to review such order.” The foregoing section is a part of the Florida Citrus Code.
The petition for certiorari filed here is based on F.S. Section 120.31, F.S.A. which prescribes generally that the review of the acts of administrative agencies, except when reviewable by the Supreme Court, shall be reviewable in the District Court of Appeal which includes the county wherein the hearing was conducted; and F.S. Section 120.321, F.S.A. provides that, “nothing contained in section 120.041 (3) and (4) shall affect or repeal the provisions of chapter 601.”
The petition here was filed in the abundance of precaution to insure petitioner that he would not be cut-off a hearing for the failure to seek relief in the proper forum.
In consideration of the premises, it is ordered that proceedings herein stand abated, to be revived only in the event that it is ultimately determined on review that the circuit court of Orange County is without jurisdiction.
KANNER, Acting C. J., and SMITH, J., concur.