ALLEN, Judge.
The Commissioner of Agriculture held the petitioner Alderman guilty of violation of the Florida Citrus Code, Florida Statutes § 601.64, F.S.A., and ordered him to pay the Hi-Acres Concentrate, Inc., the sum of $52,253.01. The petitioner filed with this court his petition for writ of certiorari to review the Commissioner’s order.
The Commissioner of Agriculture subsequently filed a motion to quash the petition on the grounds that this court has no jurisdiction to review the administrative order in question.
The petitioner argues he has a right to have the order in question reviewed under Chapter 120, Administrative Procedure Act, where Section 120.31 provides:
“Review of agency orders.—
“(1) As an alternative procedure for judicial review, and except where appellate review is now made directly by the supreme court, the final orders of an agency entered in any agency proceeding, or in the exercise of any judicial or quasi-judicial authority, shall be reviewable by certiorari by the district courts of appeal within the time and manner prescribed by the Florida appellate rules. * * * ”
The respondent contends that Chapter 601, Florida Citrus Code, § 601.66(5), Fla. Stats., (1965), F.S.A. provides a specific method of review, which is applicable to this case, and that the alternative procedure for judicial review set forth in § 120.31, Fla.Stats., F.S.A., of the Administrative Procedure Act is not applicable.
Section 601.66(4) provides:
“If the commissioner determines that the complaint has not been so established as aforesaid, the order shall, among other things, dismiss the proceeding. The original complainant, if he is aggrieved, shall have thirty days thereafter within which to seek review of said administrative order by certiorari proceedings in the circuit court in and for Polk county, Florida, and such administrative proceedings shall thereupon await the result of such court review.”
Section 601.66(5) provides if the commissioner determines that the allegations of the complaint have been established as aforesaid, he shall make his findings of fact accordingly, and that the dealer, if dissatisfied, shall have thirty days thereafter within which to seek review of said administrative order by certiorari proceedings in the circuit court in and for Polk County.
*27 2 Maloy, Florida Appellate Practice and Procedure § 37.07 (1966) states:
“Section 120.31 provides that review of final orders of an administrative agency in the exercise of its judicial or quasi-judicial authority in addition to being reviewed by a declaratory judgment suit may be reviewed by certiorari in the district court of appeal. This statute has been interpreted to mean that certiorari will be the method and the district court will be the court where no other method or court is specifically provided for by statute. Where a specific method and a specific court are provided for by the statute pertaining to the board or agency, that statute applies rather than section 120.31.”
A footnote from the above paragraph refers to the case of Alderman v. Conner (Fla.App.1963), 152 So.2d 819, which is a' decision of this court. We held therein, in an opinion by retired Justice Barns, that the petition for writ of certiorari filed by fruit dealer to review the order of the Commissioner of Agriculture revoking the fruit dealer’s license, would be abated and would be revived only if it was ultimately determined in certiorari proceedings in the circuit court for review of same order that the circuit court was without jurisdiction.
In the legislative session of 1965 an amendment to the Citrus Code was passed, being Chapter 65-77, which provided that parties, if dissatisfied, should seek review of such administrative order by certiorari proceedings in the Circuit Court in and for Polk County, Florida. This legislative act is later in point of time than the administrative procedure act, Chapter 120, and additionally provides specifically for the procedure to be followed in reviewing decisions in the Circuit Court of Polk County, Florida.
In the case of Wiesen v. Schatzberg, 157 Fla. 375, 1946, 26 So.2d 62, our Supreme Court, in discussing an appeal taken from a civil court of record to the circuit court in a summary proceeding by a landlord to evict a tenant, said:
“In 4 C.J.S., Appeal and Error, § 431, page 889, it is said:
“ ‘A particular time or period specifically prescribed for the taking or perfecting of an appeal, proceeding in error, or the like, in any particular action or proceeding, or from or to any particular judgment, order, or decree must be observed in cases falling within the content and purview of such statute; such special statutes are not deemed permissive, giving the party desirous of review an option between alternative times, namely, an election between the time thus specially provided and the time prescribed by the general statute, where they differ, but are ordinarily designed to secure a prompt hearing and a final determination in cases with which they deal, and hence must be complied with. * *
We note that § 601.68 of the Florida Citrus Code, entitled “Investigation of violations,” provides:
“ * * * Any action of the commissioner with reference to the revocation or suspension of any license granted under the provisions of this law may be reviewed by certiorari by the appropriate circuit court; * * *.” (Emphasis added.)
The above section became a law earlier than § 601.66(5), Fla.Stats., F.S.A., and uses the verb “may” while § 601.66(5), Fla. Stats., F.S.A., uses the verb “shall,” which is the stronger word.
It thus becomes evident that when the Commissioner revokes or suspends a license the petitioner may have the order reviewed in either the circuit court or the district court of appeal, whereas when it is damages he seeks to have reviewed, it is mandatory he go to the Circuit Court of Polk County.
This seems to be a problem the Legislature should resolve, making both fine and revocation go to the circuit court.
*28 We conclude that we should and do hereby grant the motion of the Com-misioner of Agriculture to quash the petitioner’s petition for Writ of Certiorari on the ground that we do not have jurisdiction in this matter. Jurisdiction is vested by the Florida Citrus Code, Chapter 601, Fla. Stats. (1965), F.S.A., in the Circuit Court of Polk County, Florida.
Petition for certiorari dismissed.
LILES, C. J., and HOBSON, J., concur.