PEARSON, Judge.
The appellants petitioned the circuit court for a writ of certiorari to quash a City of Miami Beach ordinance which established a bulkhead line. This appeal is from a final judgment denying the petition. We do not discuss the points appellants presented upon appeal, because we find that the dismissal of the petition must be sustained upon ap-pellee’s cross-assignment of error. However, we did review the record and the points presented by appellants and found no reversible error.
The determinative question is whether the petition was timely filed in the circuit court. Appellee cross-assigned as error the failure of the circuit court to find that it lacked jurisdiction over the subject matter of appellants’ petition upon the ground that their petition had not been timely filed.
Section 253.122(6), Fla.Stat., F.S.A. (1967), provides for review of any decision establishing a bulkhead line:
“(6) Any person, natural or artificial (including riparian owners), aggrieved by any decision of the board of county commissioners or governing body of any municipality or trustees of internal improvement trust fund establishing a bulkhead line may, within the time provided by the Florida appellate rules, have the decision reviewed by the appropriate circuit court by filing therewith a peti *276 tion for issuance of a writ of certiorari and it shall be the duty of such board or the trustees, as the case may be, to cause to be prepared and certified, at the cost of appellant, a transcript of all proceedings including the evidence introduced at such hearing, and the court shall hear and determine the cause on the record without indulging any presumption in favor of the decision of such board or the trustees. In event the decision is not sustained the court shall tax the cost of preparing the transcript against the agency making the decision. The right of review hereunder is not exclusive, and any person asserting any rights adversely affected may institute and prosecute any proceeding authorized by law (including without limitation extraordinary remedies and writs) or in equity. However, any appellant shall not be required to pay more than two hundred dollars for or toward the cost of a transcript that may be desired if an appeal is taken as in this section provided for.” [Emphasis added]
Since the quoted section provides that an aggrieved party has the right to appeal from a decision of (1) a local governing body (the board of county commissioners or governing body of any municipality) or (2) the trustees of the internal improvement fund, and since it requires the local governing body or the trustees, “as the case may be,” to prepare and certify for review a transcript of all proceedings which led to a decision, we are convinced that an aggrieved party may appeal the decision before the trustees of the internal improvement fund approve the decision.
Gies v. Fischer, Fla.1962, 146 So.2d 361, supplies authority for our position. In Gies, the Supreme Court of Florida affirmed a circuit court decree which had (1) sustained the validity of § 253.122, Fla.Stat., F.S.A., against attack on constitutional grounds and (2) reversed a decision of a county board establishing a bulkhead line. The decision had not been approved by the trustees of the internal improvement fund. Before taking jurisdiction to review the decree in this factual setting, the Court must have determined that a decision of a local governing body establishing a bulkhead line did not require the approval of the trustees of the internal improvement fund to make it a final appealable decision.
A party has the right to appeal from a decision of a local governing body; it may appeal if it so chooses. But if a party does choose to appeal, then it must appeal timely.[1] The City of Miami Beach ordinance which established the bulkhead line and which is the ordinance appellants attack was adopted and became an appeal-able decision on September 21, 1966. The City applied to the trustees of the internal improvement fund for approval of the bulkhead line. The trustees at first refused to approve the line, but they reconsidered the application and approved the line on March 21, 1967. Appellants’ petition for a writ of certiorarRto quash the ordinance was filed in the circuit court on May 19, 1967, more than 60 days after September 21, 1966, the day the ordinance became an.appealable decision. We therefore hold that appellants’ petition was not timely filed in the circuit court and that the circuit court erred in failing to dismiss the petition for lack of jurisdiction.
The decree dismissing the petition is affirmed.

. Rule 3.2 (b), Florida Appellate Rules, 32 F.S.A.