213 So.2d 756 (1968)
ARVIDA CORPORATION, a Delaware Corporation, Petitioner,
v.
The CITY OF SARASOTA, a Municipal Corporation, Respondent.
No. 68-275.
District Court of Appeal of Florida. Second District.
August 30, 1968.
*758 Williams, Parker, Harrison, Dietz & Getzen, Sarasota; and Law Offices of Glenn L. Berry, Sarasota, for petitioner.
John R. Wood, of Wood, Scheb, Whitesell & Drymon, Sarasota, for respondent.
LILES, Chief Judge.
The petitioner, Arvida Corporation, owned certain uplands property within the city limits of the City of Sarasota and certain submerged lands in Sarasota Bay, offshore from its property. Arvida filed with the City a petition for the establishment of a bulkhead line, or, in the alternative, for the amendment of an existing bulkhead line, offshore from its holdings. The City Commission of respondent City, however, after notice and hearing, adopted a resolution establishing a bulkhead line in a location different from that proposed by Arvida.
Arvida sought review of the City's resolution fixing the location of the bulkhead line by petitioning, pursuant to § 253.122(6), F.S.A., for a writ of certiorari to the circuit court of Sarasota County. The City, however, challenged the jurisdiction of the circuit court and moved to dismiss. The circuit judge agreed with the contention of the City, and held that he lacked the constitutional jurisdiction to entertain the petition, but rather than dismiss the cause, he considered the petition as a motion to transfer and subsequently transferred it to this court, pursuant to Florida Appellate Rule 2.1, subd. a(5) (d), 32 F.S.A.
We must consider whether the circuit court or this court has jurisdiction to consider petitions for writs of certiorari in matters arising under § 253.122, F.S.A., the 1967 Bulkhead Act. The issue is raised because of a conflict in the wording of two acts of the legislature.
Section 253.122(6), F.S.A., enacted in 1967, provides that any person aggrieved by the decision of either a local governing body or the trustees of the internal improvement fund establishing a bulkhead line may:
"within the time provided by the Florida appellate rules, have the decision reviewed by the appropriate circuit court by filing therewith a petition for issuance of a writ of certiorari * * *." (Emphasis supplied.)
Unfortunately, while enacting § 253.122(6), the legislature simultaneously enacted § 253.1242, F.S.A., which states:
"All hearings required by §§ 253.12, 253.122, 253.123 and 253.124 shall be conducted *759 according to the Administrative Procedure Act of Florida, Parts II and III (Florida Statutes 120.20-120.28 and 120.30-120.331)."
But in language that is apparently in conflict with that used in the 1967 Bulkhead Act, Section 120.31(1), enacted in 1961 and included in Part III of the Administrative Procedure Act, then states:
"As an alternative procedure for judicial review, and except where appellate review is now made directly by the supreme court, the final orders of an agency entered in any agency proceeding, or in the exercise of any judicial or quasi-judicial authority, shall be reviewable by certiorari by the district courts of appeal within the time and manner prescribed by the Florida appellate rules. * * * The venue of the proceedings for such review shall be the appellate district which includes the county wherein hearings before the hearing officer or agency, as the case may be, are conducted, or if venue cannot be thus determined, then the appellate district wherein the agency's executive offices are located." (Emphasis supplied.)
The question thus arises, in which court, the circuit court or the district court of appeal, should an aggrieved party in bulkhead matters petition for review by writ of certiorari? Final orders of an administrative agency are, as a general rule, reviewable by certiorari, under the authority of Article V, § 5(3), of the Florida Constitution, F.S.A. and § 120.31(1), F.S.A., in the district courts of appeal. Meiklejohn v. American Distributors, Inc., Fla. App. 1968, 210 So.2d 259; Harris v. Goff, Fla.App. 1963, 151 So.2d 642. But in the instant case a conflicting statute, the 1967 Bulkhead Act, placing certiorari jurisdiction in the circuit courts, was enacted subsequent to the creation of § 120.31(1), and it is generally recognized that a statute enacted later in time should take precedence over one enacted earlier. Alderman v. Conner, Fla.App. 1967, 205 So.2d 25.
The Alderman case, supra, concerned a petition for certiorari to the district court of appeal to review a decision of the Commissioner of Agriculture awarding damages for violation of the Citrus Code (ch. 601, F.S.A.). The Commissioner moved to quash for lack of jurisdiction in view of § 601.66(4) and (5), F.S.A., which provide that a party aggrieved by a decision of the Commissioner should seek review by certiorari in the circuit court of Polk County. The petitioner argued there, as does the respondent here, that § 120.31, F.S.A., and the rest of the Administrative Procedure Act takes precedence and that certiorari was properly sought in the district court. This court in a decision by Judge Allen held, however, that because § 601.66 was enacted later in point of time than § 120.31, its provisions were controlling and certiorari would properly have been sought in the circuit court.
It is noteworthy also that § 120.31 has been construed to mean that certiorari to the district court is to be the method of review where no other is specifically provided by statute. Alderman v. Conner, Fla.App. 1967, 205 So.2d 25; Alderman v. Conner, Fla.App. 1963, 152 So.2d 819; Maloy, Florida Appellate Practice and Procedure § 37.07 (1966). Where, as in the present case, a specific mode of review is provided by statute, it, rather than § 120.31, must apply.
The rationale of the Alderman case seems eminently applicable to the present case. The disturbing thing is, however, that there is a possible distinguishing feature in that the bulkhead statutes provide a specific mandate to apply Parts II and III of the Administrative Procedure Act (see § 253.1242, F.S.A., supra), while such provision is absent from the Citrus Code considered in Alderman. Part II of the Administrative Procedure Act, it should be noted, provides guidelines for the conduct of hearings *760 before administrative agencies and safeguards for individuals involved in such hearings. State Road Department v. Cone Bros. Contracting Co., Fla.App. 1968, 207 So.2d 489. Part III, on the other hand, provides for judicial review of agency rules and orders. Why, then, did the legislature provide for the use of the Administrative Procedure Act in the bulkhead statutes?
It is significant initially that under § 120.20, F.S.A., the Administrative Procedure Act, Part II, is applicable to "state agencies." Section 253.1242, however, makes the Administrative Procedure Act applicable only to "hearings required" by ch. 253, and this circumstance reveals part of the rationale for applying the Administrative Procedure Act to the Bulkhead Act. Certain of the hearings held pursuant to ch. 253 are before non-state agencies  for example, the governing bodies of municipalities setting bulkhead lines. By reading the two statutes together, it is apparent that part of the raison d'etre of § 253.1242 is that the legislature intended to extend the salutary effects of the Administrative Procedure Act to ch. 253 hearings held in non-state agencies. The legislature in this manner insured the use of minimum due process safeguards to protect the legal rights, privileges, duties and immunities of all participants of such hearings, whether before state or non-state agencies. In other words, without § 253.1242, some of the participants of ch. 253 hearings would receive the benefit of the due process safeguards provided by Part II of the Administrative Procedure Act, but others would not.
Part III of the Administrative Procedure Act by § 120.30, F.S.A., grants an affected party certain rights with respect to "rules adopted by an agency conducting a hearing. Here the legislature by enacting § 253.1242 simply granted to parties involved in ch. 253 hearings the remedies by which they could question a "rule" promulgated by the agency conducting the hearing, whether state or non-state. It will be noted further, that nowhere else in ch. 253 is there any provision for the review of rules adopted by commissions or boards conducting hearings. Thus, there was a rational reason for the legislature to provide for the use of Part III of the Administrative Procedure Act to fill this void.
Section 120.31, F.S.A., the second of three statutes found in Part III of the Administrative Procedure Act, however, cannot be said to divest the circuit courts of jurisdiction to review by certiorari the quasi-judicial determinations of the boards and commissions under § 253.122, F.S.A., because the legislature in § 253.122(6) expressly endowed the circuit courts with such jurisdiction.[1] And since § 253.122(6) was enacted at a date subsequent to the creation of § 120.31, the former, under the rationale of the Alderman case, must take precedence.
By adopting the construction we do, not only is the conflict resolved, but the maxim that a statute should be construed so as to reconcile any apparent inconsistencies and give meaning and effect to the language employed is also recognized. Woodley Lane, Inc. v. Nolen, Fla.App. 1962, 147 So.2d 569; Wiggins v. State, Fla.App. 1958, 101 So.2d 833.
Assuming, then, that the legislature intended for persons aggrieved in bulkhead matters to seek review by certiorari to the circuit court, the question must then be asked whether or not the legislature had the constitutional power to so provide. The issue arises because of the 1956 amendment *761 to the judicial article of the Florida Constitution. Before 1956, Article V, § 11 of the Constitution gave the circuit courts appellate jurisdiction over certain specified cases and over "such other matters as the legislature may provide." In 1956, however, Article V, § 6(3), the comparable post-amendment section, eliminated the quoted phrase. The City of Sarasota argues that because the phrase was deleted, the legislature had no power to provide in § 253.122(6), F.S.A., for review by writ of certiorari to the circuit court. Consequently, under the City's theory the statute should be ignored. This argument is without merit.
In 1958, the Supreme Court in the case of Codomo v. Shaw, Fla. 1958, 99 So.2d 849, construed the meaning of the constitutional deletion. That case concerned a petition for a writ of certiorari to review a final order of the Florida Real Estate Commission, suspending the petitioners' registrations as real estate brokers. The Court held that § 475.35, F.S.A., which provided that a defendant could appeal the final order of the commission to the circuit court, must be stricken down, since the constitutional predicate for such appeals to the circuit court had been removed by the 1956 amendment. However, the Court said at page 852:
"We find no suggestion that the traditional jurisdiction of the circuit courts to issue writs of certiorari has been diminished or impaired by new Article V, Section 6 of the constitution. The writ of certiorari is therefore available to obtain review in such a situation as this, where, as we have held, no other method of appeal is available. We conclude that the circuit court now has the same jurisdiction to review, by certiorari, an order of the Florida Real Estate Commission as it formerly had to review, by certiorari, an order of any inferior tribunal or agency in a judicial or quasi-judicial proceeding, where no statutory method of review was provided." [Citations omitted.]
So we see that the Supreme Court decided that the circuit courts maintained their historical power to issue writs of certiorari even after the 1956 amendment.
Accordingly, there clearly exists a valid distinction between certiorari and appellate jurisdiction and the distinction is more than a mere difference in form. Under a writ of certiorari, the exercise of jurisdiction is discretionary with the court and is used to determine whether the essential requirements of law have been complied with to the material injury of the petitioner. State v. Furen, Fla. 1960, 118 So.2d 6; Adams & Miller, Origins and Current Florida Status of the Extraordinary Writs, 4 U.Fla.L.Rev. 421, 447 (1951). In certiorari, the reviewing court does not re-evaluate the evidence but merely looks to the record to determine whether an inferior tribunal or administrative agency had competent substantial evidence before it to support its finding and judgment, while conforming to the essential requirements of law. DeGroot v. Sheffield, Fla. 1957, 95 So.2d 912; Lorenzo v. Murphy, 1947, 159 Fla. 639, 32 So.2d 421; Harris v. Goff, Fla.App. 1963, 151 So.2d 642; Bloomfield v. Mayo, Fla.App. 1960, 119 So.2d 417. Rogers & Baxter, Certiorari in Florida, 4 U.Fla.L.Rev. 477 (1951). An appeal, on the other hand, is not discretionary. It is taken as a matter of right to have determined whether harmful error has been committed by the lower tribunal. State v. Furen, Fla. 1960, 118 So.2d 6; South Atlantic S.S. Co. of Delaware v. Tutson, 1939, 139 Fla. 405, 190 So. 675; Jacksonville, T. & K.W. Ry. Co. v. Boy, 1894, 34 Fla. 389, 16 So. 290.
In light of these distinctions between reviews by appeal and certiorari, it is clear that the 1956 amendment did not destroy the circuit court's historical power to issue writs of certiorari in appropriate cases. Since the circuit court has maintained its power to review by certiorari, then it is likewise apparent that the legislature could constitutionally give them the *762 power to review bulkhead proceedings by use of that writ.
We then come to the question of whether or not the circuit court erred in transferring the cause to this court. We think such transfer was error and therefore reverse.
It will be recalled that the circuit court on its own motion transferred the cause to this court, citing Florida Appellate Rule 2.1, subd. a(5) (d) as authority for its action. That rule authorizes an appellate court, where its jurisdiction has been invoked improvidently, to transfer the cause to the court where jurisdiction should properly be lodged. State v. J.K., Fla.App. 1958, 104 So.2d 113. In this case, however, the circuit court properly had jurisdiction, and since neither the judicial power nor the appellate jurisdiction of the circuit court is delegable or capable of being abdicated, it was error to transfer the cause. In re Alkire's Estate, 1940, 142 Fla. 862, 198 So. 475.
For the foregoing reasons we must quash the order of transfer and remand the case to the circuit court for action not inconsistent with this opinion.
PIERCE and HOBSON, JJ., concur.
NOTES
[1] Section 253.122, F.S.A., has been previously construed in the case of Sunset Islands #3 and #4 Property Owners, Inc. v. City of Miami Beach, Fla.App. 1968, 210 So.2d 275, but this decision dealt with a different and inapplicable proposition of law. It is to be noted, however, that in that case when certiorari was addressed to the circuit court, the district court seemed to accept that procedure as the proper method of seeking review.