Mr. Michael H. Olenick County Attorney County of Martin Post Office Box 626 Stuart, Florida 33495
Ms. Noreen S. Dreyer Chief Assistant County Attorney
Dear Mr. Olenick:
This is in response to your request for an Attorney General's opinion on substantially the following question:
 IS THE BOARD OF COUNTY COMMISSIONERS FOR MARTIN COUNTY AUTHORIZED BY s 163.3187, F.S. TO AMEND THE FUTURE LAND USE PLAN ELEMENT OF THE ADOPTED COMPREHENSIVE PLAN WITHOUT TRANSMITTING THE PROPOSED AMENDMENT TO THE STATE LAND PLANNING AGENCY AND RESPONSIBLE REGIONAL PLANNING AGENCY FOR WRITTEN COMMENT BEFORE ADOPTION IF THE PROPOSED AMENDMENT INVOLVES LESS THAN FIVE PERCENT OF THE TOTAL UNINCORPORATED LAND AREA OF THE COUNTY?
A noncharter county exercises its authority under the Local Government Comprehensive Planning Act, ss 163.3161-163.3211, F.S., as amended, for the total unincorporated area under its jurisdiction or in such unincorporated areas as are not included in any joint agreement with municipalities established under the provisions of subsection (1) of s 163.3171, F.S. See, s163.3171(2), F.S. For the purposes of this opinion, I assume that your question relates to all of the unincorporated area of the county.
Section 163.3184(1), F.S., is a general provision relating to the adoption of a comprehensive plan or element or portion thereof or the adoption of an amendment to a previously adopted comprehensive plan. Subsection (1) of s 163.3184, F.S., requires that at least sixty days before the adoption of an amendment to a previously adopted comprehensive plan or element or portion thereof the county commission transmit, for written comment, a copy of the proposed amendment to the state land planning agency and the regional planning agency having responsibility over the area. The Department of Veteran and Community Affairs has been designated as the state land planning agency pursuant to 163.3164(18), F.S. A comprehensive plan includes a number of mandatory and optional elements. See, s 163.3177(6) and (7), F.S. Your question relates specifically to an amendment of the future land use plan element involving less than five percent of the total land area of the county. See, s 163.3177(6)(a), which describes the future land use plan element. Section 163.3187, F.S., sets forth the procedure for amendment of an adopted comprehensive plan or element or portion thereof, other than for a future land use plan element involvingless than five percent of the total unincorporated land area of the county. Such amendment `shall be as for the original adoption of the comprehensive plan . . . set forth in s. 163.3184.' Section163.3184(1), F.S., must be read with s 163.3187, F.S., and when these provisions are read together the language emphasized above operates to except amendments of an adopted future land use plan element involving less than five percent of the total unincorporated land area of the county from the requirements of s163.3184(1), F.S., including the requirement that such amendments be transmitted to the state planning agency and the responsible regional planning agency for written comment. The procedure for amending adopted comprehensive plans and all other elements or portions thereof is governed by s 163.3184(1), F.S. Furthermore, s163.3187 F.S., specifically provides that the procedure for amendment of the future land use plan element or portion thereof which involves less than five percent of the total unincorporated land area of the county shall be the same as the procedure set forth in s 163.3184(7)(b), F.S. Section 163.3184(7)(b), F.S., states that the procedure for the adoption of such future land use elements or portions thereof shall be by not less than a majority of the total membership of the governing body of the county, in the following manner:
 1. The governing body shall direct the clerk of the governing body to notify by mail each real property owner the use of whose land the governmental agency will restrict or limit by enactment of the proposal and whose address is known by reference to the latest ad valorem tax records. The notice shall state the substance of the proposal as it affects that property owner and shall set a time and place for one or more public hearings on such proposal. Such notice shall be given at least 30 days prior to the date set for the public hearing, and a copy of such notice shall be kept available for public inspection during regular business hours of the office of the clerk of the governing body.
 2. The governing body shall hold a public hearing on the proposal and may, upon the conclusion of the hearing, adopt the proposal.
As is evident from the provisions set forth above, s163.3184(7)(b), F.S., does not specify any requirement that a copy of a proposed amendment of a future land use plan element which involves less than five percent of the total unincorporated land area of the county be transmitted to the state land planning agency and the responsible regional planning agency for written comment. It should be noted that generally, a specific provision of a statute must be given effect notwithstanding the fact that the general provision of the statute is broad enough to include the subject to which the specific provision relates. The specific provision should be regarded as an exception to the general, broader provision so that both may be given effect. See generally, 82 C.J.S. Statutes s 347(b).
A statute must be construed as a whole and the legislative intent determined if possible, from what is said in the statute. Florida Jai Alai, Inc. v. Lake Howell Water Reclamation District,274 So.2d 522 (Fla. 1973); Vocelle v. Knight Brothers Paper Company,118 So.2d 664 (1 D.C.A. Fla., 1960). See generally, 82 C.J.S. Statutes s 345. All parts of a legislative act should be read together to achieve a consistent whole. Haworth v. Chapman,152 So. 663 (Fla. 1933); Marshall v. Hollywood, Inc.,224 So.2d 743 (4 D.C.A. Fla., 1969), writ discharged, 236 So.2d 114 (Fla. 1970), cert. den'd., 400 U.S. 964 (1970). If possible, a statute must be so construed as to reconcile any apparent inconsistencies and give meaning and effect to the language employed as a whole. Wiggins v. State, 101 So.2d 833 (1 D.C.A. Fla., 1958); Arvida Corporation v. City of Sarasota, 213 So.2d 756 (2 D.C.A. Fla., 1968). See generally, 82 C.J.S. Statutes s 346. While the general provisions of s 163.3184(1), F.S., may appear inconsistent with the specific language of subsection (7) these sections may be reconciled and it is clear when the entire section is read as a whole and in pari materia with s 163.3187, F.S., that the more specific provisions of s 163.3184(7)(b), F.S., control your question.
My staff has communicated with the designated state planning agency, The Department of Veteran and Community Affairs, Division of Local Resource Management, regarding your question and we are advised that the department has no rules `pertaining to plan amendments involving less than 5 percent of total land area of local government unit[s],' but that the department feels that `if less than 5 percent of the total land area under a local governing body's jurisdiction is involved in the proposed amendment . . . there is no requirement for review by the state land planning agency.'
It therefore is my opinion that the Board of County Commissioners for Martin County is authorized by s 163.3187, F.S., to amend the future land use plan element or portion thereof of the previously adopted local comprehensive plan without transmitting such proposed amendment to the state land planning agency and the responsible regional planning agency for written comment if such proposed amendment involves less than five percent of the total unincorporated land area of the county.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General